# NAYDENSKIY LAW GROUP, P.C.

1517 Voorhies Ave, 2md Fl., Brooklyn NY 11235, Naydenskiylaw@gmail.com, (718) 808-2224

VIA ECF

June 19, 2017

Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Atakhanova et. al. v. Home Family Care Inc.* 16-cv-6707 (KAM) (RML)

Dear Honorable Judge Levy:

     We represent the Plaintiff and putative collective and class members in the above-referenced matter. Plaintiff, on behalf of herself and others similarly situated, intends to move for conditional certification of this action as a representative collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all home health aides, employed by Defendants, who worked over 40 hours in any work week from January 1, 2015. Pursuant to the District Judge's and your Honor's Individual Rules, we are writing to respectfully request a pre-motion conference concurrently with the July 10, 2017 3:00pm Conference.

>(1) Conditional certification of this action as a representative collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all home health aides, employed by Defendants, who worked over 40 hours in any work week from January 1, 2015 ("Covered Employees");
>
>(2) Court-facilitated notice of this FLSA action to the Covered Employees including a consent form (opt-in form) as authorized by the FLSA;
>
>(3) Approval of a FLSA notice of this action and the consent form;
>
>(4) Production in Excel format of names, titles, compensation rates, periods of employment, last known mailing addresses, email addresses, social security numbers, and all known telephone numbers of all Covered Employees; and

I.     **BACKROUND**

     Defendant operates a home health aide agency in Brooklyn, New York. Plaintiff was employed by Defendant as a home health aide. Plaintiff and other Covered Employees suffered

from Defendant's policy of paying the incorrect overtime rate of pay. Plaintiff seeks to represent a class of employees similarly situated.

## II. ARGUMENT

To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees. Notice is appropriate because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. They all worked as non-exempt employees for Defendants, they were not paid their overtime premium under FLSA. Thus, they 'together were victims of a common policy or plan that violated the law'. *Cuzco v. Orion, Inc.,* 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation marks omitted).

### A. NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of overtime compensation and minimum wages. 29 U.S.C. § 216(b). such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffinann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989); *Braunstein v. E. Photographic Labs.,* 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments arising from the same events and brought under the same laws.

### B. THE STANDARD FOR CONTITIONAL CERTIFICATION AND NOTICE IS LENIENT

"Courts generally determine the appropriateness of class certification at two stages: first, on the initial motion for conditional class certification, and second, after discovery." *Fasanelli,* 516 F. Supp. 2d at 321. At the first stage. "courts utilize a lenient evidentiary in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of a member Plaintiffs is similarly situated to the named Plaintiff ." *Anglanda v. Linens n' Thing, Inc.* No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y.) Apr. 26, 2007); *Mentor v. Imperial Parking Sys., Inc.,* 246 F.R.D. 178, 181 (S.D.N.Y. 2007). Under this lenient standard, a court will certify a class as a collective action and order notice to potential class member where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza,* 239 F.D.R. at 367 (internal quotation mark omitted). Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, Plaintiff(s) need only make a "modest factual showing" that they are "similarly situated *with respect to their allegations that*

*the law has been violated." Hallisey v. Am. Online, Inc.,* No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation marks omitted) (emphasis in original). *See, e.g., Khalil v. Original Homestead Rest., Inc.,* No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certify collective action based upon complaint and one affidavit); *Zhao v. Benihana, Inc.,* No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one Plaintiff's "best Knowledge"). Plaintiffs intend to submit their declarations as support for the motion to certify a class.

C. **DISCOVERY OF CLASS INFORMATION IS PROPER AND NECESSARY UNDER § 216(b)**

It is appropriate for courts in collective actions to order the discovery of class information of potential collective members. *E.g., Lee,* F.R.D., at 202 ; *Fasanelli,* 516 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton,* 364 F. Supp. 2d. at 268. "Courts within this Circuit routinely grant Plaintiffs' motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglanda,* 2007 U.S. Dist. LEXIS 39105, at *22.

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

_____s/_____
Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members.*