UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAZOKAT ATAKHANOVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>HOME FAMILY CARE INC., and ALEXANDER KISELEV<br><br>Defendant. | Index No. 16-cv-6707 (KAM)(RML)<br><br>**AMENDED COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |

Plaintiff NAZOKAT ATAKHANOVA, by and through her attorneys, on behalf of herself and all others similarly situated, alleges, upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action, on behalf of herself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for herself and similarly situated employees, unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also bring this action, on behalf of herself and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks, for herself and all other similarly situated employees, unpaid overtime wages, statutory

1

damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6. Plaintiff NAZOKAT ATAKHANOVA ("Plaintiff") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff was employed by Defendants as home health aide and/or home attended ("home health aide"), as described herein, from in or around August 2014 through in or around February 2015, from in or around June 2015 through in or around December 2015, and from in or around June 2016 to the present.

7. Plaintiff's written consent to sue is attached hereto as Exhibit "A".

8. Defendant HOME FAMILY CARE INC., is a New York State domestic corporations licensed to do business in the State of New York, with its principal office and place of business at 3051 Brighton 3rd St, Brooklyn, NY, 11235.

9. Defendant ALEXANDER KISELEV ("Defendant Kiselev") is a 50% shareholder and President of Defendant HOME FAMILY CARE INC. Defendant Kiselev has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

10. Defendant HOME FAMILY CARE INC. grosses more than $500,000.00.

11. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

12. Defendants provide home health care to individuals who live in New York City.

13. At all times relevant hereto, Defendants employed Plaintiff as a non-exempt home health aide.

14. Plaintiff was not paid the correct overtime premium for all hours worked in excess of forty.

15. At all times relevant hereto, Defendants employed the FLSA Collective Plaintiffs and the Class Members as non-exempt home health aides.

16. From, at least, in or around the middle of July 2016 to the present, Defendants scheduled Plaintiff to work- and Plaintiff worked- at least 51 hours per work week.

17. Defendants paid Plaintiff $10 for hours worked up to 40 per work week, and $12 per hour worked in excess of 40 hours per work week, which is far below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

18. Defendants scheduled the FLSA Collective Plaintiffs and the Class Members to work over 40 hours a work week.

19. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly worked in excess of 40 hours a work week.

20. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

21. Defendants failed to pay Plaintiff and the Class Members the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

22. Defendants failed to provide Plaintiff and the Class Members with the notices required by NYLL §195(1).

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as a Home Health Aide from January 1, 2015. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

24. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties

4

and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

25. Other home health aides currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt home health aides to receive notice of the action and allow them to opt in to such an action if they so choose.

26. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

27. Plaintiff brings the Second and Third Claims for Relief pursuant to CPLR Article 9, to recover unpaid overtime pay and other damages on behalf of all individuals employed in the State of New York by Defendants as a home health aide from January 1, 2015 (the "Class Period") who worked more than 40 hours a work week or 4 or more "live-in" shifts a work week. All said persons, including Plaintiff, are referred to as the "Class Members" and/or the "Class".

28. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records. Notice can be provided by means permissible under CPLR Article 9.

29. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. There are at least one thousand members of the Class.

30. Plaintiff's claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not compensated for (i) overtime hours worked as required by 12 N.Y.C.R.R. § 142-2.2; and (ii) failed to provide them with the proper hiring notice as required by NYLL § 195. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

31. Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants violations of the NYLL.

32. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained Naydenskiy Law Group, P.C., an experienced employment and class and collective action litigation firm.

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

34. Upon information and belief, employees of the Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former

employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

35. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants failed to adequately compensate the Class Members for overtime hours worked as required by 12 NYCRR § 142-2.2, and (b) whether Defendants provided Class Members with a hiring notice as required by NYLL § 195(1).

36. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

37. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

38. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

39. At all relevant times, Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

8

40. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

41. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

42. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

43. Defendants failed to pay Plaintiff and the Class Members the required overtime rates for hours worked in excess of forty (40) hours per workweek.

44. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

45. Plaintiff and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NYLL §195, Brought by Plaintiff on Behalf of Herself and the Class Members)**

46. Plaintiff, on behalf of herself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

47. Defendants failed to supply Plaintiff and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiff and the Class Members as his/her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

48. Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendant, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: November 28, 2017                    Respectfully submitted,

                                            NAYDENSKIY LAW GROUP, P.C.

                                            _____s/_____
                                            Gennadiy Naydenskiy (GN5601)
                                            517 Brighton Beach Ave, 2nd fl.
                                            Brooklyn, NY 11235
                                            (718) 808-2224
                                            naydenskiylaw@gmail.com

11

*Attorney for Plaintiff, Collective Action
Plaintiffs and Proposed Class Members*

# EXHIBIT A