***NAYDENSKIY LAW GROUP, P.C.***
*517 Brighton Beach Ave, 2md Fl., Brooklyn NY 11235,*
*Naydenskiylaw@gmail.com, (718) 808-2224*

**VIA ECF**

December 9, 2017

Judge Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re: Atakhanova et. al. v. Home Family Care Inc., 16-cv-6707 (KAM) (RML)*

Dear Honorable Judge Levy**:**

We represent the Plaintiff and opt-in Plaintiffs in this wage and hour action brought pursuant to 29 U.S.C. §201 et seq. In accordance with Judge Matsumoto's Individual Rules IV.A. and IV.B. and Your Honor's Individual Rule 2.A., Plaintiffs' respectfully request a pre-motion conference to file an amended complaint (attached hereto as Exhibit "A") to include the President of Home Family Care Inc. ("HFC") as a Defendant individually and to change the third cause of action from alleging NYLL §195.3 violations to NYLL §195.1 violations[1].

By way of background, on June 9, 2017 Defendant produced a sampling of 20% of all home health aides, *inter alia*, hours worked and wages paid via an excel spreadsheet. Thereafter, Your Honor Ordered Defendant to produce paystubs as requested by Plaintiff's counsel[2]. Shortly after the paystub production, on November 6, 2017, Plaintiff's counsel took a FRCP 30.b.6 deposition of the corporate Defendant's president. At the conclusion of the deposition, it was clear

---

[1] Defendant did not consent to the filing of the amended complaint.
[2] Plaintiff's counsel requested approximately 1,100 paystubs of the 17,814 cell excel spreadsheet.

that the President of Defendant is likewise an employer as defined by the Fair Labor Standards Act and New York Labor Law. Additionally, at the 30.b.6 deposition it was revealed that the home health aides do not receive NYLL hiring notices as defined by NYLL 195.1[3].

Under Federal Rules of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)). *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011), see also *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000). "In the absence of any apparent or declared reason-such as *undue* delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be "freely given." *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278 (E.D.N.Y. 2013); see also *Forman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed. 2d 222 (1962).

Here, Plaintiff and opt-in Plaintiffs have no bad faith or dilatory motives as discovery, thus far, has been limited and the request to amend is being made 24 days after Plaintiffs' counsel received a transcript of the FRCP 30.b.6. deposition[4]. There is no reason why the amendment would cause undue prejudice to Defendant because the case is relatively in its infancy.

Therefore, Plaintiffs' respectfully request a pre-motion conference to file a motion to amend the complaint to include Alexander Kiselev as a Defendant and amend the Third cause of action.

We thank the Court for its attention to this matter.

NAYDENSKIY LAW GROUP, P.C.

---

[3] Plaintiffs' counsel will concede that continuing with a claim for NYLL 195.3 wage statement violations will likely not succeed.
[4] Plaintiffs' counsel received a transcript of the FRCP 30.b.6. deposition on November 15, 2017.

           s/
Gennadiy Naydenskiy (GN5601)
517 Brighton Beach Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiffs, Collective Action Plaintiffs and Proposed Class Members.*