| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF NEW YORK<br>NAZOKAT ATAKHANOVA, individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　　　-against-<br><br>HOME FAMILY CARE INC., and ALEXANDER KISELEV<br>　　　　　　　　　　　　　　　　　Defendants. | Index No. 16-cv-6707 (KAM)(RML) |

**PLATINFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR APPLICATION SEEKING LEAVE TO AMEND THEIR COMPLAINT**

VIRGINIA & AMBINDER, LLP
Lloyd Ambinder, Esq.
LaDonna Lusher, Esq.
Joel Goldenberg, Esq.
40 Broad Street, Seventh Floor
New York, New York 10004

Naydenskiy Law Firm, LLC
Gennadiy Naydenskiy, Esq.
281 Summerhill Rd, Suite 210
East Brunswick, NJ, 08816

*Attorneys for the Plaintiffs and the Putative Class*

i

## **PRELIMINARY STATEMENT**

This action was brought to recover unpaid overtime wages by plaintiff Nazokat Atakhanova ("Atakhanova" or "Plaintiff") on behalf of a putative class of individuals (collectively "Plaintiffs") who worked for defendant Home Family Care, Inc. ("Named Defendant" or "HFC").

Plaintiffs submit this memorandum of law ("Memorandum") in support of their application seeking leave to amend their Complaint to add Alexander Kiselev as a Defendant ("Kiselev" or the "Proposed Defendant"). Plaintiffs contend that as President and owner of HFC, Kiselev is an employer and is liable for failing to pay Plaintiffs lawfully owed wages. Additionally, Plaintiffs seek to remove the third cause of action under New York Labor Law ("NYLL") alleging improper wage statements, and replace it with a NYLL cause of action for failing to provide proper hiring notices (the "Proposed Cause of Action").

## **BACKGROUND**

Plaintiff Atakhanova brought this action on December 4, 2016, on behalf of herself and a putative class of individuals who furnished labor to Defendant pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, et seq., NYLL §§ 190, et seq., §§ 650, et seq., and Title 12 of the New York Code, Rules, and Regulations ("NYCRR") § 142-2.2, to recover unpaid overtime wages allegedly owed to Plaintiffs for work they performed for the Named Defendant.

Specifically, Plaintiffs claim they were not paid one and one-half times their regular hourly rates of pay for all hours worked above 40 hours in any given week. Plaintiffs further allege that HFC failed to provide them with proper wage statements pursuant to NYLL.

Plaintiffs initially brought their claims solely against Named Defendant Home Family Care, Inc. However, after engaging in discovery, including deposing the Proposed Defendant, Plaintiffs learned that the Proposed Defendant is the President and owner of Named Defendant.

Proposed Defendant is, and was at all relevant times, an employer of Plaintiffs and therefore is liable for the failure to pay Plaintiffs lawfully owed wages.

## ARGUMENT

### I. Plaintiffs' Request to Add Alexander Kiselev as a Defendant Should be Granted

Rule 15(a) of the Federal Rules of Civil Procedure (hereinafter the "FRCP") provides that leave to amend a pleading "shall be freely given when justice so requires." Generally, amendments are favored because they "tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998).

Where a proposed amendment adds new parties, the propriety of the amendment is governed by Rules 20(a) and 21 of the FRCP. Rule 20(a) provides:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>     (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all plaintiffs will arise in the action.
> (2) Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>     (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>     (B) any question of law or fact common to all defendants will arise in the action.

FRCP Rule 20(a).

"Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding." *Myers v. Dolac*, 2011 U.S. Dist. LEXIS 111550, at *5 (W.D.N.Y. Sep. 29, 2011)

Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation. *Sullivan v. West New York Residential, Inc.*, 2003 U.S. Dist. LEXIS

2

6498 at *1 (E.D.N.Y. 2003). In deciding whether to permit the addition of defendants, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G&U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980); *see also, Coultrip v. Pfizer, Inc.,* 2011 WL 1219365, at* 4 (S.D.N.Y. 2011). Leave to amend to assert claims against additional defendants should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party. *DeFazio v. Wallis*, 2006 U.S. Dist. LEXIS 95154 at *1 (E.D.N.Y. 2006); *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *De Jesus v. Subway IP Inc.*, 2018 U.S. Dist. LEXIS 119540, at *4 (S.D.N.Y. July 17, 2018) quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) citing *Foman v. Davis*, 371 U.S. 178 (1962) ("[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed."); *Sky Med. Supply Inc. v. SCS Support Claims Servs.*, 17 F. Supp. 3d 207, 237 (E.D.N.Y. 2014) ("Leave to amend is futile if the amended complaint is meritless and would fail to state a claim.").

None of these factors are present here. The parties have dutifully litigated this wage-and-hour lawsuit, and continue to do so. There have been no previously allowed amendments to cure deficiencies in the pleadings. Finally, and most importantly, Mr. Kiselev would not be prejudiced if he was named as a Defendant. As noted above, Mr. Kiselev was deposed as the corporate representative of Defendant Home Family Care, Inc., Mr. Kiselev is its president and owner, and therefore is, and was, fully aware and on notice of this action. See e.g. *Balverde v. Lunella Ristorante, Inc.*, 2017 U.S. Dist. LEXIS 59778, at *32 (S.D.N.Y. Apr. 19, 2017) ("the Court finds

3

that Defendants will not suffer undue prejudice if Plaintiffs are allowed to amend the Complaint to add R. Russo as a party[]" "since all the parties—including R. Russo—have been deposed."). Although the parties have engaged in some discovery, the discovery process is not complete. Moreover, no additional discovery – beyond what is currently pending – would be necessary. See e.g., *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 92675, at *13 (S.D.N.Y. June 28, 2012) ("The timing of the motion is excusable because courts have granted motions to amend a complaint when the motion is filed a couple of months after the production of documents." Holding that, "[t]he prejudice faced by Defendants is insufficient to warrant denial of the motion."); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, 2010 U.S. Dist. LEXIS 29267, at *11 (E.D.N.Y. Mar. 26, 2010) (understanding that the plaintiffs preferred to have additional discovery before amending their complaint); *Enzymotec Ltd v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (citation omitted) (recognizing that "causes of action in a complaint must be based on factual allegations, not factual speculation."); *Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) ("The mere fact that discovery is completed does not mean that the defendants will suffer undue prejudice."); *Finlay v. Simonovich*, 1997 U.S. Dist. LEXIS 19100, at *9 (S.D.N.Y. 1997) ("[G]iven a reasonable extension of the discovery cutoff date, defendants have not shown that any prejudice would result from allowing plaintiff [] to amend her complaint…").

The underlying factual allegations remain the same. This is an action for unpaid wages. Since filing the Complaint, Plaintiffs discovered that Proposed Defendant is, and was at all relevant times, the president and owner of the Named Defendant. Moreover, Kiselev is an "employer" pursuant to both the FLSA and NYLL. See 29 U.S.C.S. § 203(d); NYLL § § 190(3).

"[T]here is general support for giving FLSA and the New York Labor Law consistent interpretations, and courts have interpreted the definition of 'employer' under the New York Labor

4

Law coextensively with the definition used by the FLSA." *Guo Zhong Wu v. Qiao Lin (In re Qiao Lin)*, 576 B.R. 32, 60 (Bankr. E.D.N.Y. 2017) quoting *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 314 (E.D.N.Y. 2009); *Yu Y. Ho v. Sim Enters.*, 2014 U.S. Dist. LEXIS 66408, at *10 (S.D.N.Y. May 14, 2014) quoting *Inclan v. N.Y. Hosp. Grp.*, Inc., 95 F. Supp. 3d 490, 511 (S.D.N.Y. 2015) ("'[D]istrict courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA.'"); *Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480, at *30 n.12 (S.D.N.Y. Mar. 30, 2007) (collecting cases); see also FLSA § 203(d); NYLL §§ 190(3), 651(6).

To determine whether Kiselev is an employer, Courts in this district apply the "economic reality" test,

> [T]he relevant factors include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. []. Since the test is not confined to a narrow legalistic definition, no one of these factors is dispositive.

*Zhi Yong Zheng v. Nanatori Japanese Rest. Corp.*, 2017 U.S. Dist. LEXIS 3699, at *8 (E.D.N.Y. Jan. 9, 2017) (internal citations and quotations omitted); see *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)

Here each factor of the "economic reality" test is satisfied. At the deposition, Mr. Kiselev testified that he solely manages "the entire corporation," including its day-to-day operations. [See Transcript of Deposition of Alexander Kiselev "Kiselev Dep." attached to Lusher Aff. as Ex. D, at 8:8-9:2.] Mr. Kiselev testified he is the president of Named Defendant. [*Id.* at 5:6-10; 7:18-21.] He also testified, that he hires and fires all employees [*Id.* at 13:2-9], and that every employee hired by Home Family Care must be approved by him. [*Id.* at 12:18-21.] Mr. Kiselev and his wife are the company's sole shareholders. [*Id.* at 13:10-20.] His name appears on all employees'

5

paychecks [*Id.* at 15:4-10], and he has the sole authority to give employees raises. [*Id.* at 20:20-25.] Therefore, Mr. Kiselev is an employer as defined by the FLSA and NYLL, and adding Mr. Kiselev as a Defendant in this wage and hour action is appropriate.

Amending the Complaint so that Plaintiffs may recover unpaid wages from all alleged employers will not delay resolution of this case. Conversely, denial of the opportunity to add Mr. Kiselev as a defendant will hinder or completely preclude Plaintiffs and putative class members from properly investigating their allegations and recovering alleged unpaid wages. Accordingly, the absence of prejudice to the Named Defendant dictates that the Court should grant Plaintiffs' motion for leave to amend his Amended Complaint in its entirety.

## II. Plaintiffs' Request to Remove the Third Cause of Action for Improper Wage Statements and Replace it with a Cause of Action for Failure to Provide Hiring Notices, Should be Granted

Similarly, neither Named Defendant nor Proposed Defendant will be prejudiced should Plaintiffs' request to remove the third cause of action under New York Labor Law ("NYLL") alleging improper wage statements, and replace it with a NYLL cause of action for failing to provide proper hiring notices. "To determine prejudice, courts consider whether amendment would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *De Jesus v. Subway IP Inc.*, 2018 U.S. Dist. LEXIS 119540, at *5 (S.D.N.Y. July 17, 2018) quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (additional citations omitted).

Again, none of these factors are present. First, neither Named Defendant nor Proposed Defendant will have to "expend additional resources to conduct discovery and prepare for trial" as they are required to maintain the relevant records pursuant to both the FLSA and NYLL based on their status as employers, and because the relevant records have already been requested by

6

Plaintiffs. Because of the foregoing, this amendment should not cause a delay in the resolution of this action. Both Named Defendant and Proposed Defendant should have the relevant records readily available for inspection. Finally, Plaintiffs do not seek to bring a timely action in another jurisdiction.

### III.     The Statute of Limitations Should Relate Back to the Original Complaint.

An amended pleading relates back to the date of the originally-filed pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see also *Speedfit LLC v. Woodway United States*, 53 F. Supp. 3d 561, 574 (E.D.N.Y. 2014) ("[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party . . . by the general fact situation alleged in the original pleading for purposes of the statute of limitations or other provision.") (citing *ASARCO LLC v. Goodwin*, 756 F.3d 191, 202 (2d Cir. 2014).

Here, the Proposed Cause of Action arises out of Plaintiffs' employment with Defendants. The relevant factual allegations were alleged in the original complaint. The original complaint alleges that "Defendants employed Plaintiff as a non-exempt home health aide." [Complaint at ¶ 13.] Furthermore, the original complaint describes the employment relationship between Plaintiffs and Defendants. [Complaint at ¶¶ 16-21.] The Proposed Cause of Action arises out of this relationship. Moreover, information substantiating the Proposed Cause of Action was discovered during the deposition of the Proposed Defendant, Mr. Kiselev. [Kiselev Dep. at 19:9-23.] Therefore, because the Proposed Cause of Action arises out of the same conduct, transaction and occurrence as set forth in the original complaint, and the original complaint provided Defendants with adequate notice, the Proposed Cause of Action should relate back to the original complaint.

7

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that their motion for leave to file an amended complaint be granted, along with such other further relief that this Court deems necessary.

Dated: New York, NY
October 8, 2018

VIRGINIA & AMBINDER, LLP

By:     s/ Lloyd Ambinder
Lloyd Ambinder, Esq.
LaDonna Lusher, Esq.
Joel Goldenberg, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, Seventh Floor
New York, New York 10004
Tel:   (212) 943-9080
Fax:   (212) 943-9082
lambinder@vandallp.com

Naydenskiy Law Firm, LLC
Gennadiy Naydenskiy, Esq.
281 Summerhill Rd, Suite 210
East Brunswick, NJ, 08816
Tel: (800) 789-9396
naydenskiylaw@gmail.com

*Attorneys for the Plaintiffs and the Putative Class*

8