

40 Broad Street 7th Floor<br>
New York, New York 10004<br>
Telephone: 212.943.9080<br>
www.vandallp.com

October 24, 2018

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:   *Atakhanova et. al. v. Home Family Care, Inc. et al,*
              Case No.: 1:16-cv-06707 (KAM)(RML)

Dear Judge Matsumoto:

    This firm represents Named Plaintiff Nazokat Atakhanova and the putative class (collectively "Plaintiffs") in the above-referenced matter. Pursuant to the Court's Practices, Section IV(B), Plaintiff submits this letter to request a pre-motion conference regarding Plaintiff's anticipated motion for class certification of New York Labor Law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

    **I)**    **Case Summary**

Defendant Home Family Care, Inc. and Alexander Kiselev (collectively "Defendants") operate a home care services agency in Brooklyn, New York. Plaintiff Atakhanova was employed by Defendants as a home health aide from approximately August 2014 through February 2015, then approximately from June 2015 through December 2015, and then again approximately from June 2016 through the present. As a home health aide, Plaintiff Atakhanova alleges to have worked up to 51 hours each week during her employment.

    Plaintiff alleges that Defendants engaged in a policy and practice of depriving their employees of minimum wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, Plaintiff Atakhanova was paid $10 per hour for hours worked up to forty and $12 per hour for hours worked in excess of 40 each week. [*See e.g.* First Amended Complaint ("FAC"), ¶¶ 6, 17]. Beginning in January 1, 2015, the FLSA and NYLL required that home health aides receive overtime compensation at a rate of one and one half times their regular hourly rate. *Downie v. Carelink, Inc.*, No. 16-CV-5868 (JPO), 2018 U.S. Dist. LEXIS 125184, at *9 (S.D.N.Y. July 26, 2018).[1] Nevertheless, Defendants

---

[1] Prior to January 2015, home health aides were exempt from receiving overtime compensation under the FLSA unless they could prove that more than 20% of their working time was spent performing general



unlawfully compensated Plaintiff Atakhanova and her co-workers at less than one and one-half times their regular hourly rate for the hours worked in excess of forty each week. [Id. at ¶ 21]. These allegedly unlawful payroll policies were implemented company-wide and affected all home health aides employed by Defendants.

Plaintiff Atakhanova commenced this action on December 4, 2016, seeking, for herself and similarly situated employees, unpaid overtime wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, 663 and 12 NYCRR § 142-2.2.

On October 2, 2017, this Court granted Plaintiffs' motion to certify this action as a collective action under 29 U.S.C. § 216(b).[2] [See Dkt.] To date, approximately 167 individuals have opted-in to the collective action. Plaintiffs now seek class certification of their NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

Plaintiffs' NYLL claims derive from a common nucleus of operative facts. Indeed, Plaintiffs' claims arise out of the same alleged unlawful conduct of the Defendants, *i.e,* that they failed to pay their employees who comprise the proposed class their statutorily mandated overtime wages, and failed to provide Plaintiffs with proper wage notices under § 195. A class action is the most efficient, most effective and least costly method of resolving this dispute.

### I. **Plaintiffs' Motion for Class Certification of the New York Claims Should Be Granted**

Plaintiffs seek to certify a Rule 23 class of home health aides employed by Defendants who were not paid adequate overtime compensation beginning in January 1, 2015. Plaintiffs also seek certification of a class of employees who did not receive accurate hiring notices as required by New York's Wage Theft Prevention Act.

In order to obtain class action certification, Plaintiffs must satisfy the four statutory requirements of Rule 23(a) and at least one part of Rule 23(b). *See Massey v. On-Site Manager, Inc.,* 285 F.R.D. 239, 244 (E.D.N.Y. 2012). It is well established that the criteria set forth in Rule 23 are to be liberally construed. *See Massey*, 285 F.R.D. at 244 ("The Second Circuit has emphasized that Rule 23 should be given liberal rather than restrictive construction and has shown a general preference for granting rather than denying class certification.") Courts in this Circuit have held that "wage claims are especially suited to class litigation—perhaps 'the most perfect questions for class treatment'—despite differences in hours worked, wages paid and wages due." *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346, 359 (E.D.N.Y. 2011) (collecting cases) (*quoting Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007)).

---

household work. In 2013, the Department of Labor repealed that exemption for aides employed by third-party agencies, such as Defendants. The regulation took effect on January 1, 2015. *Id*. (citing *De Carrasco v. Life Care Servs., Inc.*, No. 17-cv-5617 (KBF), 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017)).
[2] Plaintiffs' motion was made on consent from Defendants. [Dkt. No. 18.]



Here, the putative class claims arise from common wrongs: Defendants failed to pay proper overtime compensation for work performed in excess of 40 hours to its home health aide employees, and failed to provide Plaintiffs with proper hiring notices. The existence of these "common wrongs" satisfies the commonality requirement. *See, e.g., Perez v. Isabella Geriatric Ctr.*, 2016 U.S. Dist. LEXIS 119430, at *20 (S.D.N.Y. Sep. 1, 2016).  Plaintiffs will present evidence, in the form of payroll records and testimony, to demonstrate that the Named Plaintiff and putative class members were all subjected to Defendants' company-wide payroll policies.

Indeed, several courts in this circuit have certified classes in similar actions where home health aides asserted the same claims.  *See Downie v. Carelink, Inc.*, 2018 U.S. Dist. LEXIS 125184 (S.D.N.Y. July 26, 2018); *De Carrasco v. Life Care Servs., Inc.*, 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017).  These courts recognized that the class action device is superior to any other method for the fair and efficient adjudication of home health aides claims for unpaid wages.

Here, Plaintiff alleges that Defendants' unlawful failure to pay overtime compensation caused as many as 165 workers to suffer, in the aggregate, hundreds of thousands of dollars in damages. Time and expense will be saved by certifying the instant class instead of forcing each of these workers to maintain their own individual lawsuits. Moreover, given the expense of litigation and the relatively small size of the numerous individual claims, many workers would be unable to pursue redress for their claims absent class certification. Subjecting the court and the litigants to the cost and time of multiple trials would be wasteful.  Accordingly, Plaintiffs respectfully request permission to move for Rule 23 class certification of the New York state claims.

Plaintiffs propose the following briefing schedule: Plaintiffs' moving papers submitted on or before November 30; Defendants' opposition papers submitted on or before December 14; Plaintiffs reply papers submitted on or before December 28, 2017.

Respectfully submitted,

_____/s/_____
LaDonna M. Lusher, Esq.
Leonor H. Coyle, Esq.
Joel Goldenberg, Esq.

cc: All counsel of record (via ECF)