UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NAZOKAT ATAKHANOVA, *individually and on behalf of all others similarly situated*,

                    Plaintiffs,                          ORDER AND
                                                      REPORT AND
                                                      RECOMMENDATION

       -against-                                       16 CV 6707 (KAM)(RML)

HOME FAMILY CARE INC.,

                    Defendant.
-------------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated October 12, 2018, the Honorable Kiyo A. Matsumoto, United States District Judge, referred plaintiffs' motion for leave to amend their complaint to me. Plaintiffs in this wage and hour collective and putative class action seek to make two amendments to their original complaint. First, they seek to replace their cause of action for improper wage statements under New York Labor Law ("NYLL") § 195(3) with a claim for improper wage notices under NYLL § 195(1). Second, they seek to add Alexander Kiselev ("Kiselev"), President and Owner of corporate defendant Home Family Care Inc. ("defendant" or "HFC"), as a defendant. For the reasons explained below, plaintiffs' motion is granted; however I respectfully recommend that the court decline to apply the relation back doctrine to plaintiffs' FLSA claim against Kiselev.

## BACKGROUND AND FACTS

       Named plaintiff Nazokat Atakhanova ("Atakhanova") brought this action against HFC on December 4, 2016, asserting claims for unpaid overtime under the Fair Labor Standards Act ("FLSA") and the NYLL, as well as for improper wage statements under the NYLL.

(Complaint, dated Dec. 4, 2016 ("Compl."), Dkt. No. 1.) On October 2, 2017, with defendant's consent, this court granted conditional certification to proceed as a collective action under 29 U.S.C. § 216(b). (Order Granting Consent Motion to Certify FLSA Collective Action, dated Oct. 2, 2017.) Atakhanova, joined by numerous opt-in plaintiffs (collectively "plaintiffs"), now seeks leave to amend the original complaint to replace the claim for improper wage statements with a claim for improper wage notices and to add Kiselev as a defendant. (Plaintiffs' Memorandum of Law in Support of Their Application Seeking Leave to Amend Their Complaint, dated Oct. 8, 2018 ("Pls.' Mem."), Dkt. No. 59-6; Proposed Amended Complaint, dated Nov. 28, 2017 ("Proposed Am. Compl."), Dkt. No. 59-3.)

## DISCUSSION

### A. Legal Standard

A motion for leave to amend a complaint to add a claim is governed by Federal Rule of Civil Procedure 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend a complaint "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." DeFazio v. Wallis, No. 05 CV 5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (citing Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603-04 (2d Cir. 2005); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995)). Amendments are generally favored because they "tend to facilitate a proper decision on the merits." Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks omitted) (quoting Junior Gallery, Ltd. v. Neptune Orient Line, Ltd., No. 94 CV 4518, 1997 WL 26293, at *2 (S.D.N.Y. Jan. 22, 1997)).

When a proposed amendment seeks to add a party, the motion is instead governed by Federal Rule of Civil Procedure 21, which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21.  "In deciding whether to permit the addition of defendants, courts apply the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'" Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)). Therefore, a motion for leave to amend to add a defendant should be granted absent undue delay, bad faith, futility, or prejudice to the non-moving party. Id.

**B. Replacing claim for improper wage statements under NYLL § 195(3) with claim for improper wage notices under NYLL § 195(1)**

Plaintiffs originally pleaded a cause of action for improper wage statements under NYLL § 195(3). (Compl. ¶¶ 48-50.) They now seek to remove that cause of action and replace it with one for improper wage notices under NYLL § 195(1). (Pls.' Mem. at 6-7; Proposed Am. Compl. ¶¶ 46-48.) Defendant opposes the proposed amendment on the grounds that it is futile, untimely, and prejudicial. (Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend, dated Oct. 31, 2018 ("Def.'s Opp."), Dkt. No. 65, at 6-9.)

1. Futility

A proposed amendment is considered futile if the claim sought to be added could not withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

---

[1] Courts in the Second Circuit have also recognized futility where the proposed amendment would be subject to dismissal on some other ground. See, e.g., Taurus B, LLC v. Esserman, 3:14 CV 715, 2014 WL 4494398, at *2 (D. Conn. Sept. 12, 2014) ("An amendment is considered 'futile' if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis.  For example, a proposed amendment would be futile if it (Continued . . . )

3

Thus, in evaluating whether a proposed amendment is futile, courts apply the same standards as they would in deciding a motion to dismiss under Rule 12(b)(6).  Bradley v. City of New York, 14 CV 4289, 2016 WL 1491017, at *2 (E.D.N.Y. Mar. 16, 2016) (citing IBEW Local Union No. 58 Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015); Burrowes v. Brookdale Hosp. & Med. Ctr., No. 01 CV 2969, 2002 WL 32096575, at *3 (E.D.N.Y. Mar. 28, 2002), aff'd, 66 F. App'x 229 (2d Cir. 2003)), report and recommendation adopted, 2016 WL 1541439 (E.D.N.Y. Apr. 14, 2016).  The party opposing the amendment bears the burden of establishing futility.  Seemann v. Coastal Env. Grp., Inc., 219 F. Supp. 3d 362, 366 (E.D.N.Y. 2016) (citing Blaskiewicz v. Cty. of Suffolk, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998)).

Under Rule 12(b)(6), a complaint must plead "sufficient factual matter" to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss under Rule 12(b)(6), "the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  Knox v. Countrywide Bank, 4 F. Supp. 3d 499, 506 (E.D.N.Y. 2014) (citing Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 678-79.  Thus, "[i]n order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient to raise a

---

destroyed the Court's subject matter jurisdiction, failed to state a claim, or asserted claims which are time-barred by the relevant statutes of limitation." (internal citations omitted)).

4

right to relief above the speculative level." Operating Local 649 Annuity Tr. Fund, 595 F.3d at 91 (internal quotation marks omitted) (quoting Twombly, 550 U.S. at 555).

Since a motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint based on the facts alleged therein, Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009), courts reviewing such a motion must limit their consideration to the complaint itself, as well as any documents attached to it as exhibits or incorporated by reference,[2] see Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016). "Because determination of futility is subject to the same standards as a motion to dismiss under Rule 12(b)(6) . . . [f]utility is generally adjudicated without resort to any outside evidence." Cano v. DPNY, Inc., 287 F.R.D. 251, 257 (E.D.N.Y. 2012) (alteration in original) (internal quotation marks omitted) (quoting Wingate v. Gives, No. 05 CV 1872, 2009 WL 424359, at *5 (S.D.N.Y. Feb. 13, 2009)).

Defendant argues that plaintiffs' proposed claim for improper wage notices is futile because defendant in fact provided wage notices to its new hires. (Def.'s Opp. at 7-8.) In support, defendant has submitted to the court copies of wage notices that it claims to have provided to named plaintiff Atakhanova, as well as an affidavit from its Human Resources Supervisor, Marina Tkachuk, stating that "[e]very new hire of HFC receives a written notice containing the new hire's regular rate of pay, his or her overtime rate of pay, the name of the employer, the physical address of the employer's main office, [and] the telephone and facsimile numbers of the employer." (See Hiring Notices, dated Mar. 7, 2014, June 22, 2016, Mar. 30,

---

[2] When a document is not attached to the complaint as an exhibit or incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted) (quoting DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010)).

5

2017, Dkt. Nos., 63-2, 63-3, 63-4; Affidavit of Marina Tkachuk, sworn to Oct. 31, 2018, Dkt. No. 63, ¶ 4.) Because these documents are outside evidence and were neither attached to the complaint as an exhibit nor incorporated in it by reference, I decline to consider them in determining whether plaintiffs' proposed amendment is futile. See Cano, 287 F.R.D. at 257-58 (declining to consider affidavits submitted in an attempt to establish the futility of a proposed amendment).[3]

Considering the allegations contained in the proposed amended complaint, I find that plaintiffs have sufficiently pleaded a cause of action for improper wage notices. (See Proposed Am. Compl. ¶¶ 9-11, 46-48). Thus, I find that the proposed amendment is not futile.

2. Undue Delay and Prejudice

Defendant also argues that the proposed amendment is untimely and prejudicial. (Def.'s Opp. at 8-9.) In the Second Circuit, while a plaintiff must provide an explanation for a delay where significant time has passed prior to filing a motion to amend, "[m]ere delay, [] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) (alterations in original) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856

---

[3] Moreover, even if the court were to consider these documents, they would not necessarily render plaintiffs' claim for improper hiring notices futile. Without ruling on the merits of the claim, I note plaintiffs' allegations that the wage notices provided to Atakhanova did not comply with NYLL § 195(1) because they did not state the basis for her rate of pay, were not provided in her primary language of Russian, and incorrectly stated her overtime rate of pay as being "time and a half of [the] Minimum wage" instead of one and a half times her regular hourly rate, as required by the FLSA and the NYLL. (See Memorandum of Law in Further Support of Plaintiffs' Application Seeking Leave to Amend the Complaint, dated Nov. 6, 2018, Dkt. No. 66, at 8.) Thus, even if it is the case that wage notices were provided, defendant may nevertheless have "failed to supply Plaintiff and the Class Members with notice as required by NYLL § 195." (Proposed Am. Compl. ¶ 47.)

(2d Cir. 1981)). Undue prejudice exists where allowing the proposed amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). The court may also consider the procedural posture of the case.[4] See Agerbrink, 155 F. Supp. 3d at 454 (collecting cases). "The non-moving party bears the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted." Id. (internal quotation marks omitted) (quoting Oneida Indian Nation of New York State v. Cty. of Oneida, 199 F.R.D. 61, 77 (N.D.N.Y. 2000)).

      Here, defendant has failed to establish that it would be unduly prejudiced if the proposed amendment were granted. The court recognizes that significant time has elapsed since this case was commenced and that plaintiffs have not been as a diligent as they could have been in moving to amend in a timely manner. Almost two years passed between the time this case was commenced and the time of plaintiffs' motion. Moreover, while plaintiffs' proffered explanation for the delay is that they only learned of the wage notice violations during Kiselev's deposition (see Pls.' Mem. at 7), they did not move to amend for almost a year following that deposition.[5] Nevertheless, "delay alone, in the absence of bad faith or prejudice, is not a

---

[4] For example, courts have found undue prejudice where "an amendment [comes] on the eve of trial and would result in new problems of proof," Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (alteration in original) (quoting Fluor Corp., 654 F.2d at 856), or where discovery has closed and a motion for summary judgment is pending, see Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).

[5] This case was commenced on December 4, 2016. (See Compl.) Kiselev's deposition took place on November 6, 2017. (See Transcript of Deposition of Alexander Kiselev, dated Nov. 6, 2017, Dkt. No. 59-5.) Plaintiffs did not move to amend the complaint until October 8, 2018. (See Motion to Amend Complaint, dated Oct. 8, 2018, Dkt. No. 59.)

7

sufficient reason for denying a motion to amend." Addison, 283 F.R.D. at 81 (citing Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)). To the extent defendant argues that it will be prejudiced by the need to conduct additional discovery on the added claim, that is not an adequate objection in this case. See Agerbrink, 155 F. Supp. 3d at 454-55 (finding that alleged prejudice stemming from the need to conduct additional discovery "does not rise to a level that justifies denying leave to amend" where discovery is still underway, no summary judgment motion is pending, and no trial date has been set).

Because I find that defendant has not met its burden of establishing futility or undue prejudice, plaintiffs' motion to amend to replace their claim for improper wage statements with a claim for improper wage notices is granted.

C. **Adding Kiselev as a Defendant**

Plaintiffs also seek leave to add Kiselev as a defendant, on the theory that he jointly employed them along with HFC. (See Pls.' Mem. at 2-6).[6] In opposition, defendant first argues that the plaintiffs have failed to establish that Kiselev was their employer under the Second Circuit's economic reality test. (Def.'s Opp. at 3-6.) In the alternative, defendant argues that the proposed amended complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). (Id. at 6-8.) Both of defendant's arguments fail.

First, whether or not Kiselev was plaintiffs' employer is a merits-based question not properly before the court at this time. Rather, the relevant question when a motion for leave to amend is challenged on futility grounds is whether the added cause of action is sufficiently pleaded, such that it could survive a motion to dismiss. See, e.g., Lucente, 310 F.3d at 258;

---

[6] Plaintiffs claim that they only learned of Kiselev's role as President and Owner of HFC when they deposed him as HFC's corporate representative. (See Pls.' Mem. at 1, 3.)

8

Bradley, 2016 WL 1491017, at *2.  Based on the facts alleged in the proposed amended complaint, as well as those contained in the transcript of Kiselev's deposition, attached to the proposed amended complaint, I find that plaintiffs have stated a plausible claim that Kiselev was their employer.  (See Proposed Am. Compl. ¶¶ 9, 11; Transcript of Deposition of Alexander Kiselev, dated Nov. 6, 2017, Dkt. No. 59-5.)

In the alternative, defendant argues that the proposed amended complaint does not satisfy the requirements of Rule 8(a) because it fails to "indicate clearly the defendants against whom relief is sought and the basis upon which relief is sought against particular defendants." (Def.'s Opp. at 6) (quoting Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 219 (S.D.N.Y. 1997)).  In particular, defendant accuses plaintiffs of "relying on use of the plural term 'Defendants' to hide the apparent deficiency of Plaintiffs' Motion and proposed Amended Complaint."  Id. (emphasis removed).

Rule 8(a) requires, inter alia, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A complaint satisfies Rule 8(a) where it "gives [defendant] fair notice of the basis for [plaintiffs'] claims." Ritchie v. N. Leasing Sys., Inc., 14 F. Supp. 3d 229, 236 (S.D.N.Y. 2014) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).  Fair notice is "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial."  Id. at 237-37 (quoting Wynder v. McMahon, 360 F. 3d 73, 79 (2d Cir. 2004)).  While "[i]t is well-established in this Circuit that plaintiffs cannot simply 'lump' defendants together for pleading purposes . . . nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each."  Canon U.S.A, Inc. v. F & E Trading LLC, No. 15

9

CV 6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) (quoting Vantone Grp. Ltd. Liab. Co. v. Yangpu NGT Indus. Co., No. 13 CV 7639, 2015 WL 4040882, at *4 (S.D.N.Y. July 2, 2015); Ritchie, 14 F. Supp. 3d at 236).

Here, while the proposed amended complaint does make heavy use of the plural "defendants" (see Proposed Am. Compl. ¶¶ 12-22), I find that it makes sufficiently clear the basis for the claims against Kiselev. The proposed amended complaint makes it clear that both Kiselev and HFC are being sued on the theory that they served as plaintiffs' joint employers, and that Kiselev, in particular, is being sued in his capacity as "a 50% shareholder and President of [HFC]." (See Proposed Am. Compl. ¶¶ 9-10.) The proposed amended complaint further asserts that Kiselev "has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs." (Id. ¶ 9.) Thus, I find that the proposed amended complaint provides sufficient notice of the claims against Kiselev so as to satisfy the pleading requirements of Rule 8(a).

Because I find that plaintiffs' proposed amendment seeking to add Kiselev as a defendant is not futile on either of the two grounds offered by defendant, plaintiffs' motion to amend to add Kiselev as a defendant is granted.

### D. Relation Back

Finally, plaintiffs request that both proposed amendments "relate back" to the original complaint. (See Pls.' Mem. at 7.) Under the doctrine of relation back, "an amended pleading relates back to the date of a timely filed original pleading and is thus itself timely even though it was filed outside of an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010) (internal quotation marks omitted). Thus, relation back is only applicable where the amended pleading is filed outside of the relevant statute of limitations.

Because plaintiffs' wage notice claim was brought within the six-year NYLL statute of limitations,[7] plaintiffs need not rely on relation back in order to add that claim to their complaint. See N.Y. LAB. LAW § 198(3) ("[A]n action to recover upon a liability imposed by this article must be commenced within six years.").

With regard to the addition of Kiselev as a defendant, no relation back is necessary as to the NYLL claims against him, for the reasons explained above. With regard to the FLSA overtime claim against Kiselev, relation back is necessary in order for the portions of that claim falling outside of the FLSA limitations period to be considered timely.[8]

Under Rule 15(c)(1)(C), a claim against an added defendant in an amended complaint relates back to the original complaint where:

> (1) the claims against the new part[y] arise out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new party received notice of the suit within [ninety] days of institution so that it will not be prejudiced in its defense; and (3) the new party knew or should have known that, *but for a mistake concerning the identity of the party*, the action would have been brought against the party.

Addison, 283 F.R.D. at 82 (emphasis added) (citing FED. R. CIV. P. 15(c); VKK Corp. v. Nat'l Football League, 244 F.3d 114, 128 (2d Cir. 2001)). In Krupski, the Supreme Court held that the

---

[7] The collective action conditionally certified by this court consists of "all current and former home health aides employed by Home Family Care Inc., who worked over 40 hours in any work week or 'live in' home health aides who worked 4 days or more in any work week from *January 1, 2015*." (See Motion to Certify FLSA Collective Action, filed Sept. 26, 2017, Dkt. No. 18; Order Granting Consent Motion to Certify FLSA Collective Action, dated Oct. 2, 2017) (emphasis added).

[8] The FLSA has a two-year statute of limitations, which can be extended to three years if a violation is willful. See 29 U.S.C. § 255(a). It is unclear whether plaintiffs intend to allege willful violations in their proposed amended complaint, given that all but one of the numerous references to willfulness in the original complaint have been removed. (Compare Compl. ¶¶ 22-23, 25, 42, 45, 49 and Proposed Am. Compl. ¶ 24.)

relevant inquiry under the "mistake" prong of Rule 15(c)(1)(C) is "what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." 560 U.S. at 548 (emphases in original). Moreover, a plaintiff need not have been unaware of the added defendant's existence at the time of the original complaint in order to have made a "mistake" within the meaning of the Rule. Id. ("[I]t would be error to conflate knowledge of a party's existence with the absence of mistake."). Rather, "a plaintiff who knows that a prospective defendant exists, but, due to a misunderstanding about that party's status or role with respect to her claim, mistakenly chooses to sue a different defendant, may still satisfy the requirements of [Rule 15(c)(1)(C)]." Precision Assocs., Inc. v. Panalpina World Trans. (Holding) Ltd., 08 CV 42, 2015 WL 13650032, at * 9 (E.D.N.Y. June 24, 2015).

In applying Krupski, some courts in this circuit have drawn a distinction between cases where the plaintiff has sued the wrong party and seeks to amend the complaint to substitute the correct party and cases where the plaintiff merely seeks to add a party to the complaint, holding that the "mistake" prong of Rule 15(c)(1)(C) applies only in the former scenario. See, e.g., In re Vitamin C Antitrust Litig., 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) (referring to the former category as "wrong party" cases and the latter category as "additional party" cases). For example, in Vitamin C, the Court explained:

> Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake "concerning *the proper party's identity*" . . . . As a matter of plain language, this provision would appear to include only "wrong party" cases, and not "additional party" cases. This is because the "mistake" has to "concern [ ]" the "identity" of the "proper party [ ]." In an "additional party" case like this one, there generally will be no "mistake concerning" the proper party's "identity." The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable. If the

12

>drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so.

Id. (alterations and emphasis in original). While the issue of whether relation back applies in "additional party" cases has not been taken up directly by the Second Circuit,[9] courts in this district tend to follow Vitamin C and allow relation back only in "wrong party" cases. See, e.g., Pikos v. Liberty Maint., Inc., 09 CV 4031, 2015 WL 6830670, at *3 (E.D.N.Y. Nov. 6, 2015) (citing Vitamin C for the proposition that "[c]ourts in this circuit have held relation back is only permitted where plaintiff named the wrong party in the original complaint, and not where plaintiff named one but not all of the right defendants"); Precision Assocs., Inc., 2015 WL 13650032, at *10-12 (after lengthy discussion, concluding "the court is persuaded by Judge Cogan's compelling analysis in Vitamin C, which demonstrated that the plain meaning of Rule 15, the Rule's Advisory Committee Notes, and Krupski all evince a preference for limiting Rule 15(c) mistakes to 'wrong-party cases', and not 'additional-party' cases"); Velasquez v. Digital Page, Inc., No. 11 CV 3892, 2014 WL 2048425, at *3 (E.D.N.Y. May 19, 2014) (citing Vitamin C for the proposition that "Rule 15(c) does not apply in cases where a plaintiff seeks to add an *additional* party as a defendant"); Erdogan v. Nassau Cty., No. 10 CV 5837, 2014 WL 1236679, at *11 (E.D.N.Y. Mar. 25, 2014) (same).

      I agree with those courts in this district that have followed Vitamin C and held that relation back is only available in "wrong party" cases. This case is an "additional party"

---

[9] The Second Circuit's post-Krupski jurisprudence on Rule 15(c)(1)(C) focuses predominantly on situations where a plaintiff sought to amend his or her complaint to name a defendant who was listed as a "John Doe" in the original complaint. See, e.g., Scott v. Vill. of Spring Valley, 577 F. App'x 81 (2d Cir. 2014); Hogan v. Fischer, 738 F.3d 509 (2d Cir. 2013) (both relying on Barrow v. Wethersfield Police Dept., 66 F. 3d 466, 470 (2d Cir. 1995) for the proposition that "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.").

13

case. Plaintiffs do not seek to substitute Kiselev for HFC; rather, they seek to add him as a defendant *in addition to HFC*. Therefore, I respectfully recommend that the court decline to apply the relation back doctrine to plaintiffs' FLSA claim against Kiselev.[10]

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend their complaint is granted. Plaintiffs may replace their claim for improper wage statements with a claim for improper wage notices and add Kiselev as a defendant. However, I respectfully recommend that plaintiffs not be permitted to amend their complaint to include any portions of the FLSA claim against Kiselev falling outside of the applicable limitations period. Any objections to my recommendation that the court decline to apply the relation back doctrine to plaintiffs' FLSA claim against Kiselev must be filed within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

So ordered and respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
February 19, 2019

---

[10] Because plaintiffs may not receive "double recovery" of unpaid overtime damages under both the FLSA and the NYLL, see Hernandez v. Jrpac Inc., No. 14 CV 4176, 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016), a ruling that plaintiffs' FLSA overtime claim against Kiselev does not relate back will not affect the amount of damages plaintiffs may ultimately recover for overtime violations. Plaintiffs may still hold Kiselev jointly and severally liable for any unpaid overtime damages they are awarded under the NYLL, since all portions of their NYLL claim against Kiselev are timely. See N.Y. LAB. LAW § 198(3).