UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF NEW YORK

---

NAZOKAT ATAKHANOVA,
individually and on behalf of all others similarly situated,

                Plaintiffs,

    v.                                       Case No.: 16-cv-6707 (KAM)(RML)

HOME FAMILY CARE, INC. and
ALEXANDER KISELEV,

                Defendants.

---

### DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, HOME FAMILY CARE, INC. and ALEXANDER KISELEV (collectively, "Defendants"), submit this Answer to Plaintiffs' First Amended Complaint (the "Complaint"). Defendants deny the material allegations set forth in the Complaint and deny that they are liable to Plaintiffs under any theory set forth, and demands strict proof thereof.

### ANSWER

### FIRST DEFENSE
**(Answers to specifically numbered paragraphs)**

#### Preliminary Statement

1. Paragraph 1 of the Complaint is a statement of the legal bases alleged for the Complaint and does not require a response, except Defendants deny having violated any of the statutes or laws identified in this paragraph.

2. Paragraph 2 of the Complaint is a statement of the legal bases alleged for the Complaint and does not require a response, except Defendants deny having violated any of the statutes or laws identified in this paragraph.

### Jurisdiction and Venue

3. Lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint, and respectfully refer all questions of law to the Court.

4. Lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 of the Complaint, and respectfully refer all questions of law to the Court.

5. Admit that Defendants reside within the Eastern District of New York, but deny the remaining allegations contained in Paragraph 5 of the Complaint.

### Parties

6. Admit that NAZOKAT ATAKHANOVA is employed as a home health aide, but lack knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 6 of the Complaint.

7. Lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the Complaint.

8. Admit the allegations of Paragraph 8 of the Complaint.

9. Admit that ALEXANDER KISELEV is a shareholder and President of HOME FAMILY CARE, INC., but deny the remaining allegations of Paragraph 9 of the Complaint.

10. Admit the allegations of Paragraph 10 of the Complaint.

11. Admit the allegations of Paragraph 11 of the Complaint.

### Factual Allegations

12. Admit the allegations of Paragraph 12 of the Complaint.

13. Admit the allegations of Paragraph 13 of the Complaint.

14. Deny the allegations of Paragraph 14 of the Complaint.

15. Admit the allegations of Paragraph 15 of the Complaint.

16. Deny the allegations of Paragraph 16 of the Complaint.

17. Deny the allegations of Paragraph 17 of the Complaint.

18. Deny the allegations of Paragraph 18 of the Complaint.

19. Deny the allegations of Paragraph 19 of the Complaint.

20. Deny the allegations of Paragraph 20 of the Complaint.

21. Deny the allegations of Paragraph 21 of the Complaint.

22. Deny the allegations of Paragraph 22 of the Complaint.

## Collective Action Allegations

23. Paragraph 23 of the Complaint is a statement of the legal bases alleged for the Complaint and does not require a response, except Defendants deny having violated any of the statutes or laws identified in this paragraph.

24. Deny the allegations of Paragraph 24 of the Complaint.

25. Deny the allegations of Paragraph 25 of the Complaint.

26. Deny the allegations of Paragraph 26 of the Complaint.

## Rule 23 Class Allegations – New York

27. Paragraph 27 of the Complaint is a statement of the legal bases alleged for the Complaint and does not require a response, except Defendants deny having violated any of the statutes or laws identified in this paragraph.

28. Admit the allegations of Paragraph 28 of the Complaint.

29. Deny the allegations of Paragraph 29 of the Complaint.

30. Deny the allegations of Paragraph 30 of the Complaint.

31. Deny the allegations of Paragraph 31 of the Complaint.

32. Deny the allegations of Paragraph 32 of the Complaint.

33. Deny the allegations of Paragraph 33 of the Complaint.

34. Deny the allegations of Paragraph 34 of the Complaint.

35. Deny the allegations of Paragraph 35 of the Complaint.

36. Deny the allegations of Paragraph 36 of the Complaint.

## First Claim For Relief

37. Lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 of the Complaint, and therefore deny same.

38. Deny the allegations of Paragraph 38 of the Complaint.

39. Deny the allegations of Paragraph 39 of the Complaint.

40. Deny the allegations of Paragraph 40 of the Complaint.

## Second Claim For Relief

41. Lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Complaint, and therefore deny same.

42. Paragraph 42 of the Complaint is a statement of the legal bases alleged for the Complaint and does not require a response, except Defendants deny having violated any of the statutes or laws identified in this paragraph.

43. Deny the allegations of Paragraph 43 of the Complaint.

44. Deny the allegations of Paragraph 44 of the Complaint.

45. Deny the allegations of Paragraph 45 of the Complaint.

## Third Claim For Relief

46. Lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Complaint, and therefore deny same.

47. Deny the allegations of Paragraph 47 of the Complaint.

48. Deny the allegations of Paragraph 48 of the Complaint.

## SECOND DEFENSE — GENERAL DENIAL

Defendants deny each and every allegation and prayer for relief asserted in the Complaint not specifically admitted herein.

## THIRD DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to insufficient service of process.

## FIFTH DEFENSE

Defendants have legitimate, non-discriminatory reasons for all actions taken.

## SIXTH DEFENSE

Plaintiffs are estopped by their own acts, conduct, or omissions from obtaining relief against Defendants.

## SEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## EIGHTH DEFENSE

Plaintiffs have suffered no damages and/or have failed to mitigate their damages, if any.

## NINTH DEFENSE

The alleged damages sustained by Plaintiffs, if any, are the proximate result of the acts and/or omissions of parties over which Defendants exercised no control.

## **TENTHS DEFENSE**

Plaintiffs' claims are barred because Defendants did not engage in the tortious or unlawful conduct alleged by Plaintiff.

## **ELEVENTH DEFENSE**

Defendants hereby assert all defenses available under applicable federal and state law. Additional facts may be revealed in discovery or otherwise supporting additional defenses presently available, but unknown, to Defendants. Defendants therefore reserve the right to assert additional defenses in the event discovery or investigation reveals additional defenses.

WHEREFORE, Defendants prays for judgments and request that this Court:

a. Dismiss Plaintiffs' claims with prejudice;

b. Enter judgment in favor of Defendants;

c. Award Defendants its reasonable costs, expenses, and attorneys' fees; and

d. Grant such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 27 day of July, 2019.

Respectfully submitted,

   s/ Vladimir Tsirkin
Vladimir Tsirkin
Vladimir Tsirkin & Associates
104 N Broadway Suite A
South Amboy, NJ 08879
vtsirkin@spetslaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically and, as such, was served on all counsel of record via the electronic filing system on this 27 day of July, 2019.

                                                                s/Vladimir Tsirkin/
                                                                Vladimir Tsirkin
                                                                Vladimir Tsirkin & Associates
                                                                104 N Broadway Suite A
                                                                South Amboy, NJ 08879
                                                                vtsirkin@spetslaw.com