UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_____

NAZOKAT ATAKHANOVA, individually and on behalf of all others similarly situated,

                Plaintiff,

   v.

HOME FAMILY CARE, INC.,

                Defendant.
_____

CASE NO.: 16-cv-6707 (KAM)(RML)

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST AMENDED REQUEST FOR ADMISSIONS**

**PRELIMINARY STATEMENT**

    Defendant has not, at this time, fully completed discovery in this action. All information contained herein is based solely upon such information and evidence as is presently available and known to Defendant upon information and belief at this time. Further discovery, investigation, research and analysis may supply additional facts, and meaning to currently known information. Defendant reserves the right to amend any and all responses herein as additional facts are ascertained, legal research is completed, and analysis is undertaken. The responses herein are made in a good faith effort to supply as much information as is presently known to Defendant.

**GENERAL OBJECTIONS**

    1.   Defendant objects to the requests that impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court.

1

2. Defendant objects to the requests to the extent they seek disclosure of information protected under the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege or immunity. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege or immunity. Subject to and without waiving the foregoing objections, Defendant provides the following responses:

**DEFENDANTS' RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST NO. 1:** The attached Exhibit "A" are true and accurate copies of the original paystub records of Defendant's Home Health Aides.

**RESPONSE TO REQUEST NO. 1:** Admit.

**REQUEST NO. 2:** The attached Exhibit "A", bates number D000001-D000898, are true and accurate copies of the original paystub records of Defendant's Home Health Aides.

**RESPONSE TO REQUEST NO. 2:** Admit.

**REQUEST NO. 3:** The records attached as Exhibit "A" were made in the regular course Defendant's business.

**RESPONSE TO REQUEST NO. 3:** Admit.

**REQUEST NO. 4:** It was the regular course of Defendant's business to make the records attached as Exhibit "A" at the time of the acts,

transactions, occurrences, and events contained in such records, or within a reasonable time thereafter.

**RESPONSE TO REQUEST NO. 4:** Admit.

**REQUEST NO. 5:** From January 2015 through September 2017, at the time of hiring, Defendant did not provide home health aides documents detailing (1) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (2) the regular pay day designated by the employer; (3) the name of the employer; any "doing business as" names used by the employer; (4) the physical address of the employer's main office or principal place of business, and a mailing address if different; and (6) the telephone number of the employer.

**RESPONSE TO REQUEST NO. 5:** Deny.

**REQUEST NO. 6:** From January 2015 through September 2017, at the time of hiring, home health aides were not required to sign and date documents detailing (1) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (2) the regular pay day designated by the employer; (3) the name of the employer; any "doing business as" names used by the employer; (4) the physical address of the employer's main office or principal place of business, and a mailing address if different; and (6) the telephone number of the employer.

**RESPONSE TO REQUEST NO. 6:** Deny.

3

**REQUEST NO. 7:** From January 2015 through September 2017, Defendant did not pay hourly home health aides at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each and every workweek.

**RESPONSE TO REQUEST NO. 7:** Defendant objects to this request on the ground that it is a compound question. Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant admits that, from January 2015 and through December 2016, Defendant did not pay hourly home health aides at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each and every workweek.

**REQUEST NO. 8:** From January 2015 through September 2017, Defendant paid a daily rate of pay for a live in shift.

**RESPONSE TO REQUEST NO. 8:** Defendant objects to this request on the ground that it is vague and ambiguous as to the term "live in shift." Subject to and without waiving the foregoing objection, Defendant responds as follows:

Defendant admits that, from January 2015 and through September 2017, Defendant paid a daily rate for a 24-hours live-in work shift.

**REQUEST NO. 9:** From January 2015 through September 2017, Defendant did not pay home health aides who worked 4 or more live in shifts at

4

the rate of one and one- half times their regular rate of pay for all hours worked in excess of forty during each and every workweek.

**RESPONSE TO REQUEST NO. 9:** Defendant objects to this request on the grounds that it is: (a) a compound questions; and (b) vague and ambiguous as to the term "live in shift." Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant admits that, from January 2015 and through December 2016, Defendant did not pay home health aides who worked four or more 24-hours live-in work shifts in one work week at the rate of one and one-half times their regular rate of pay.

**REQUEST NO. 10:** From January 2015 through September 2017, at least 100 of all hourly home health aides worked in excess of 40 hours per work week.

**RESPONSE TO REQUEST NO. 10:** Defendant objects to this request on the ground of its ambiguity. Particularly, it is unclear what the term "hourly home health aides" means, and whether the request is concerned with the number of home health aides who had worked in excess of 40 hours per week in at least one workweek from January 2015 through September 2017, or who had worked in excess of 40 hours per week in all workweeks from January 2015 through September 2017. Subject to and without waiving the foregoing objections, Defendant responds as follows:

5

Defendant admits that, from January 2015 and through September 2017, at least 100 of all hourly-paid home health aides worked in excess of 40 hours in at least one workweek.

**REQUEST NO. 11:** From September 30, 2017 through October 13, 2017, Defendant did not provide newly hired home health aides documents detailing (1) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (2) the regular pay day designated by the employer; (3) the name of the employer; any "doing business as" names used by the employer; (4) the physical address of the employer's main office or principal place of business, and a mailing address if different; and (6) the telephone number of the employer.

**RESPONSE TO REQUEST NO. 11:** Deny.

**REQUEST NO. 12:** From September 30, 2017 through October 13, 2017, newly hired home health aides were not required to sign and date documents detailing (1) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; (2) the regular pay day designated by the employer; (3) the name of the employer; any "doing business as" names used by the employer; (4) the physical address of the employer's main office or principal place of business, and a mailing address if different; and (6) the telephone number of the employer.

**RESPONSE TO REQUEST NO. 12:** Deny.

6

**REQUEST NO. 13:** From September 30, 2017 through October 13, 2017, Defendant did not pay hourly home health aides at the rate of one and one- half times their regular rate of pay for all hours worked in excess of forty during each and every workweek.

**RESPONSE TO REQUEST NO. 13:** Deny.

**REQUEST NO. 14:** From September 30, 2017 through October 13, 2017, Defendant paid a daily rate of pay for a live in shift.

**RESPONSE TO REQUEST NO. 14:** Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "live in shift." Subject to and without waiving the foregoing objections, Defendant responds as follows:

   Defendant admits that, from September 30, 2017 through October 13, 2017, Defendant paid a daily rate of pay for a 24-hours live-in work shift.

**REQUEST NO. 15:** From September 30, 2017 through October 13, 2017, Defendant did not pay home health aides who worked four or more live in shifts at the rate of one and one- half times their regular rate of pay for all hours worked in excess of forty during each and every workweek.

**RESPONSE TO REQUEST NO. 15:** Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "live in shift." Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant denies that, from September 30, 2017 through October 13, 2017, did not pay home health aides who worked four or more 24-hours live-in shifts at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each and every workweek.

**REQUEST NO. 16:** From September 30, 2017 through October 13, 2017, at least 100 of all hourly home health aides worked in excess of 40 hours per work week.

**RESPONSE TO REQUEST NO. 16:** Defendant refers to its objections to request No. 10. Subject to and without waiving the foregoing objections, Defendant denies.

**REQUEST NO. 17:** From January 1, 2015, Plaintiffs were not exempt from the overtime requirements of the Fair Labor Standards Act.

**RESPONSE TO REQUEST NO. 17:** Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "Plaintiffs." Subject to and without waiving the foregoing objections, Defendant responds as follows:

8

    Defendant admits that, from January 1, 2015, home health aids in Defendant's employ were not exempt from the overtime requirements of the Fair Labor Standards Act.

**REQUEST NO. 18:** From January 1, 2015, Plaintiffs were not exempt from the overtime requirements of the New York Labor Law.

**RESPONSE TO REQUEST NO. 18:** Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "Plaintiffs." Subject to and without waiving the foregoing objections, Defendant responds as follows:

    Defendant admits that, from January 1, 2015, home health aids in Defendant's employ were not exempt from the overtime requirements of the New York Labor Law.

**REQUEST NO. 19:** During the FLSA Collective Period defined in the Complaint, Defendant was an "employer" within the meaning of the Fair Labor Standards Act.

**RESPONSE TO REQUEST NO. 19:** Admit.

**REQUEST NO. 20:** During the FLSA Collective Period defined in the Complaint, Plaintiffs were "employees" within the meaning of the Fair Labor Standards Act.

9

**RESPONSE TO REQUEST NO. 20:** Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "Plaintiffs." Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant admits that, during the FLSA Collective Period defined in the Complaint, home health aids in Defendant's employ were "employees" within the meaning of the Fair Labor Standards Act.

**REQUEST NO. 21:** Defendant grossed more than $500,000 per year in 2015, 2016, and 2017.

**RESPONSE TO REQUEST NO. 21:** Defendant objects to this request on the grounds that it is vague and ambiguous as to the term "grossed." Subject to and without waiving the foregoing objections, Defendant responds as follows:

Defendant admits that it had had annual gross volume of sales made or business done in the amounts of $500,000 or more in the years 2015, 2016 and 2017.

_____
Vladimir Tsirkin, Esq.
Vladimir Tsirkin & Associates
Attorneys for Defendant

Dated:    March 23, 2018
          South Amboy, NJ 08879

10