

40 Broad Street 7th Floor<br>
New York, New York 10004<br>
Telephone: 212.943.9080

May 24, 2023

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Court, Eastern District of New York
225 Cadman Plaza, Rm. S905
Brooklyn, NY 11201

     Re: *Atakhanova et. al. v. Home Family Care, Inc. et al,*
       Case No.: 1:16-cv-06707 (KAM)(RML)

Dear Judge Matsumoto:

  This firm represents Named Plaintiff Nazokat Atakhanova and the certified class (collectively "Plaintiffs") in the above-referenced matter. Pursuant to this Court's Practices, Section III(B), Plaintiff submits this letter to request a pre-motion conference regarding Plaintiff's anticipated motion for summary judgment.

  **I)**  **Case Summary**

  Defendants Home Family Care, Inc. and Alexander Kiselev (collectively "Defendants") operate a home care services agency in Brooklyn, New York. Plaintiff Atakhanova was employed by Defendants as a home health attendant periodically from approximately August 2014 through March 2018. As a home health attendant, Plaintiff Atakhanova alleges to have worked between 30 and 70 hours each week during her employment.

  Plaintiffs allege that Defendants engaged in a policy and practice of depriving her and similarly situated employees overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, Plaintiff Atakhanova was paid $10 per hour for hours worked up to forty and $12 per hour for hours worked in excess of 40 each week. [*See e.g.* First Amended Complaint ("FAC"), ¶¶ 6, 17]. Beginning January 1, 2015, the FLSA and NYLL required that home health attendants receive overtime compensation at a rate of one-and-one-half times their regular hourly rate. *Downie v. Carelink, Inc.*, No. 16-CV-5868 (JPO), 2018 U.S. Dist. LEXIS 125184, at *9 (S.D.N.Y. July 26, 2018).[1] Nevertheless, Defendants unlawfully compensated Plaintiff Atakhanova and her co-workers at less than one-and-one-half times their regular hourly rate for the hours worked in excess of forty each week. [*Id*. at ¶ 21].

---

[1] Prior to January 2015, home health aides were exempt from receiving overtime under the FLSA unless they could prove that more than 20% of their working time was spent performing general household work. Under NYLL, home health aides were required to be paid 1.5 times the minimum wage rate. In 2013, the Department of Labor repealed that exemption, requiring that home health attendants be paid 1.5 times their regular hourly wage rate for all overtime hours. The regulation took effect on January 1, 2015. *Id*. (citing *De Carrasco v. Life Care Servs., Inc.*, 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017)).

Plaintiffs further allege that Defendants failed to provide proper wage notices under NYLL § 195. These allegedly unlawful payroll policies were implemented company-wide and affected all home health attendants employed by Defendants.

Plaintiff Atakhanova commenced this action on December 4, 2016, seeking, for herself and similarly situated employees, unpaid overtime wages, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate relief, pursuant to 29 U.S.C. §§ 216(b) and 217, NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, 663 and 12 NYCRR § 142-2.2. On October 2, 2017, this Court granted Plaintiffs' motion to certify this action as a collective action under 29 U.S.C. § 216(b).[2] [*See* Dkt.] Approximately 167 individuals opted-in to the collective action. On February 19, 2019, Plaintiffs' motion to amend the complaint to replace the cause of action for improper wage statements with a claim for improper wage notices and to add Alexander Kiselev as a defendant was granted.

On July 31, 2019, Plaintiffs moved to certify this action as a class action pursuant to Fed. R. Civ. P. 23 and for authorization that notice of this matter be sent to class members. [ECF Nos. 74-76]. On July 22, 2020, Plaintiffs' motion to certify the class was granted. [ECF No. 77]. The certified class is defined as:

> All individuals who performed work for Home Family Care, Inc. as home health aides and/or home attendants from January 1, 2015 through the present, and who worked more than 40 hours in any work week, or worked four (4) or more 24-hour shifts in any work week.

Plaintiffs now seek to move for Partial Summary Judgment as to Defendants' liability pursuant to Fed. R. Civ. P Rule 56. If summary judgment is granted, Plaintiffs would then request an inquest on damages.

Plaintiffs propose the following briefing schedule for the summary judgment motion: Plaintiffs' moving papers would be submitted on or before June 23, 2023 Defendants' opposition submitted on or before July 14, 2023. Plaintiffs reply submitted on or before July 28, 2023.

Respectfully submitted,  
/s/  
LaDonna M. Lusher, Esq.

cc: All counsel of record (via ECF)

---

[2] Plaintiffs' motion was made on consent from Defendants. [Dkt. No. 18.]