UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAZOKAT ATAKHANOVA, individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　- against –<br><br>HOME FAMILY CARE INC., and ALEXANDER KISELEV<br>　　　　　　　　　　　　　　Defendant. | Index No. 16-cv-6707 (KAM)(RML)<br><br>**STATEMENT OF MATERIAL FACTS PURSUANT TO RULE 56.1** |

　　Named Plaintiff Nazokat Atakhanova ("Named Plaintiff" or "Atakhanova") and the certified class (collectively "Plaintiffs"), by their attorneys, Virginia & Ambinder, LLP, hereby submit the following Statement of Material Facts, pursuant to Local Civil Rule 56.1:

**Parties**

　　1.　　Named Plaintiff Nazokat Atakhanova is an individual who resides in the State of New York. [See Declaration of Nazokat Atakhanova ("Atakhanova Decl.") ¶ 1 annexed to the Declaration of LaDonna Lusher ("Lusher Decl.") as Exhibit A.]

　　2.　　Defendant Home Family Care, Inc. ("HFC") is a domestic business corporation with its principal location at 3051 Brighton 3rd Street, Brooklyn, New York, 11235. [Lusher Decl., Ex. B, Transcript of Deposition of Alexander Kiselev ("Kiselev Dep.") at 4:13-15.]

　　3.　　HFC's annual gross volume of sales made and/or business done is in excess of $500,000.00, and is engaged in interstate commerce for the purposes of the Fair Labor Standards Act ("FLSA"). [Lusher Decl., Ex. C, Defendants' Responses to Plaintiffs' Requests for Admission "RFA" at Request No. 21.]

　　4.　　Defendant Alexander Kiselev ("Kiselev") is the President and 50% Shareholder of HFC. [Lusher Decl., Ex. B, Kiselev Dep., at 5:8-14; 13:10-17.]

5. Plaintiffs filed this action on December 4, 2016 seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and compensation for Defendants' failure to provide accurate wage statements pursuant to the NYLL.

6. On October 2, 2017, this Court granted Plaintiffs' motion to certify this action as a collective action pursuant to 29 U.S.C. § 216(b). [See Lusher Decl., Ex. D, Docket entry dated October 2, 2017 Granting Consent Motion to Certify FLSA Collective Action.]

7. More than 160 individuals filed consents to join the collective action. [See Ex. D, Docket Entries 21, 22, 24-31, 38, 39-51, 55.]

8. On February 19, 2019, this Court granted Plaintiffs' motion to amend the complaint to replace the cause of action for improper wage statements with a claim for improper wage notices and to add Kiselev as a defendant. [See Lusher Decl. Ex. E, Order and Report and Recommendation, dated Feb. 19, 2019, ECF Dkt. No. 67.]

9. On July 22, 2020, this Court granted Plaintiffs' motion for class certification. [See Lusher Decl., Ex. F, ECF Dkt. No. 77.]

10. The Certified Class consists of approximately 2,400 individuals.

11. The Certified Class is defined as:

> All individuals who performed work for Home Family Care, Inc. as home health aides and/or home attendants from January 1, 2015 through the present, and who worked more than 40 hours in any work week, or worked four (4) or more 24-hour shifts in any work week.

[See Lusher Decl., Ex. F, ECF Dkt. No. 77.]

**Named Plaintiff Nazokat Atakhanova**

12. Named Plaintiff Atakhanova worked for Defendants as a home health aide from approximately August 2014 until March 2018. [Lusher Decl. Ex. A, Atakhanova Decl.]

13. Named Plaintiff Atakhanova generally worked approximately thirty (30) to seventy (70) hours per work week and was paid $10.00 per hour for the first forty (40) hours worked per week. [*Id.* at ¶¶ 3-4.]

14. For hours worked beyond forty (40), Named Plaintiff was paid only $12.00 per hour, and did not receive the lawful overtime rate of one and one-half times her regular hourly rate. [*Id*. at ¶¶ 4-5.]

15. For example, during the week of August 27, 2016 to September 2, 2016, Atakhanova worked 51.75 hours and was paid $10 per hour for the first 40 hours. However, for the 11.75 hours of overtime, she was paid at a rate of only $12 per hour, instead of the correct lawful rate of $15 per hour. [See Lusher Decl., Ex. G, Atakhanova Paystubs.]

16. Throughout her employment with Defendants, Atakhanova was denied the lawful overtime rate of one-and-one half times her regular rate of pay for each hour she worked over forty hours in a week. [*Id.*]

17. Atakhanova did not receive a correct and accurate wage notice upon hiring. [See Lusher Decl. Ex. H, Atakhanova wage notices.]

**Plaintiffs' Compensation**

18. Like Named Plaintiff Atakhanova, the class members did not receive one-and-one half times their regular rate of pay for each hour they worked over forty hours in a week. [Ex. J, Sampling of paystubs reflecting wrong overtime compensation; *see also* ECF Dkt. Nos. 74-3

(Declaration of Galina Borshman), 74-4 (Declaration of Eugenia Barahona), 74-5 (Declaration of Fatima Kamilova), 74-6 (Declaration of Sanat Kamarov).

19. Defendants admit that "from January 2015 and through December 2016, Defendant did not pay hourly home health aides at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each and every workweek." [Lusher Decl., Ex. C, Request No. 7].

20. Defendants also admit that, from January 2015 and through October 2017, Defendants paid a daily shift rate to home health aides that performed 24-hour live-in work shifts. [*Id.* at Request Nos. 8, 14.]

21. Defendants admit that "from January 2015 and through December 2016, Defendant did not pay home health aides who worked four or more 24-hours live-in work shifts in one work week at the rate of one and one-half times their regular rate of pay." [*Id*. at Request No. 9.]

22. Plaintiffs' paystubs show that they were not paid overtime when they worked four or more 24-hour live-in shifts per week. [Lusher Decl. Ex. J, Sampling of Class Member Paystubs reflecting 24-Hour Shifts.]

23. Plaintiffs' paystubs show that they were not paid at the correct overtime rate when they worked more than forty hours in a week. [Lusher Decl. Ex. I, Sampling of Class Member Paystubs with Wrong Overtime Rate.]

24. At his deposition, Defendant Kiselev was unable to identify a single paystub where the overtime paid to Plaintiffs was one and one-half times the regular payrate. [Lusher Decl., Ex. B, Kiselev Depo. at 64:4-7.]

25. Defendants admit "that from January 1, 2015, home health aids in Defendant's employ were not exempt from the overtime requirements of the Fair Labor Standards Act." [*Id.* at Request No. 17.]

26. Defendants admit that Plaintiffs "were not exempt from the overtime requirements of the New York Labor Law." [*Id.* at Request No. 18.]

27. Like Named Plaintiff, Plaintiffs did not receive accurate wage notices upon hiring. [See Kiselev Dep. At 19:9-23.]

**Defendants are Employers of Plaintiffs**

28. Defendants HFC and Kiselev employed Plaintiffs. [*See generally*, Lusher Decl. Ex. B and Ex. C, Request Nos. 19 and 20; Kislev Dep.; Ex. E.]

29. Defendants issued paychecks to Plaintiffs for work that they performed for Defendants. [Lusher Decl. Ex. C, Kislev Dep., at 14:19-15:10; Ex. I, Sampling of paystubs reflecting wrong overtime compensation; Ex. J, Sampling of paystubs reflecting 24-hour shifts.]

30. Alexander Kiselev is a named Defendant in this action and appeared as the FRCP Rule 30(b)(6) deponent on behalf HFC. [*See generally*, Lusher Decl. Ex. B, Kislev Dep.; Ex. E.]

31. Kiselev has, and continues to have, the authority to hire, fire, supervise, and set the terms and conditions of Plaintiffs' employment with HFC. [Lusher Decl. Ex. B, Kislev Dep., at 12:18-21; 13:2-9]

32. Kiselev approved the rate of pay earned by Plaintiffs. [Lusher Decl. Ex. B, Kislev Dep., at 25:4-8.]

Based on the foregoing, the Lusher Declaration, the exhibits annexed thereto, and Plaintiffs' accompanying Memorandum of Law, Plaintiffs respectfully request that this Court grant

Plaintiffs summary judgment of their claims, or permission to move for summary judgment, pursuant to Federal Rule 56, together with any such other and further relief as this Court may deem just and proper.

Dated: New York, New York
May 24, 2023

                                            VIRGINIA & AMBINDER, LLP

                                By: _____/s/_____
                                   LaDonna M. Lusher
                                   Joel L. Goldenberg
                                   40 Broad Street, 7th Floor
                                   New York, New York 10004
                                   (212) 943-9080
                                   llusher@vandallp.com
                                   jgoldenberg@vandallp.com