NAZOKAT ATAKHANOVA,
individually and on behalf of all others similarly situated,

Plaintiffs,

v.   Case No.: 16-cv-6707 (KAM)(RML)

HOME FAMILY CARE, INC. and
ALEXANDER KISELEV,

Defendants.

## **DEFENDANTS' SUPPLEMENTAL RULE 56.1(b) COUNTER-STATEMENT**

Pursuant to Local Rule 56.1(b) and the Court's order of August 2, 2023, the Defendants herein hereby submit this Supplemental Counter-Statement in response to the Plaintiffs' Rule 56.1(a) Statement of Undisputed Material Facts filed on May 25, 2023.

### **Parties**

1. Named Plaintiff Nazokat Atakhanova is an individual who resides in the State of New York. [See Declaration of Nazokat Atakhanova ("Atakhanova Decl.") ¶ 1 annexed to the Declaration of LaDonna Lusher ("Lusher Decl.") as Exhibit A.]

    **RESPONSE: Admitted**

2. Defendant Home Family Care, Inc. ("HFC") is a domestic business corporation with its principal location at 3051 Brighton 3rd Street, Brooklyn, New York, 11235. [Lusher Decl., Ex. B, Transcript of Deposition of Alexander Kiselev ("Kiselev Dep.") at 4:13-15.]

    **RESPONSE: Admitted**

3. HFC's annual gross volume of sales made and/or business done is in excess of

$500,000.00 and is engaged in interstate commerce for the purposes of the Fair Labor Standards Act ("FLSA"). [Lusher Decl., Ex. C, Defendants' Responses to Plaintiffs' Requests for Admission "RFA" at Request No. 21.]

**RESPONSE: Admitted**

4. Defendant Alexander Kiselev ("Kiselev") is the President and 50% Shareholder of HFC. [Lusher Decl., Ex. B, Kiselev Dep., at 5:8-14; 13:10-17.]

**RESPONSE: Admitted**

5. Plaintiffs filed this action on December 4, 2016, seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and compensation for Defendants' failure to provide accurate wage statements pursuant to the NYLL.

**RESPONSE: Admitted**

6. On October 2, 2017, this Court granted Plaintiffs' motion to certify this action as a collective action pursuant to 29 U.S.C. § 216(b). [See Lusher Decl., Ex. D, Docket entry dated October 2, 2017, Granting Consent Motion to Certify FLSA Collective Action.]

**RESPONSE: Admitted**

7. More than 160 individuals filed consents to join the collective action. [See Ex. D, Docket Entries 21, 22, 24-31, 38, 39-51, 55.]

**RESPONSE: Admitted**

8. On February 19, 2019, this Court granted Plaintiffs' motion to amend the complaint to replace the cause of action for improper wage statements with a claim for improper wage notices and to add Kiselev as a defendant. [See Lusher Decl. Ex. E, Order and Report and Recommendation, dated Feb. 19, 2019, ECF Dkt. No. 67.]

**RESPONSE: Admitted**

9. On July 22, 2020, this Court granted Plaintiffs' motion for class certification. [See Lusher Decl., Ex. F, ECF Dkt. No. 77.]

**RESPONSE: Admitted**

10. The Certified Class consists of approximately 2,400 individuals.

**RESPONSE: Denied, as Plaintiffs provided no basis for their statement**

11. The Certified Class is defined as:

> All individuals who performed work for Home Family Care, Inc. as home health aides and/or home attendants from January 1, 2015, through the present, and who worked more than 40 hours in any work week or worked four (4) or more 24-hour shifts in any work week.

[See Lusher Decl., Ex. F, ECF Dkt. No. 77.]

**RESPONSE: Admitted**

**Named Plaintiff Nazokat Atakhanova**

12. Named Plaintiff Atakhanova worked for Defendants as a home health aide from approximately August 2014 until March 2018. [Lusher Decl. Ex. A Atakhanova Decl.]

**RESPONSE: Denied. Atakhanova has not been employed continuously as stated [Kiselev Decl. ¶ 9]**

13. Named Plaintiff Atakhanova generally worked approximately thirty (30) to seventy (70) hours per work week and was paid $10.00 per hour for the first forty (40) hours worked per week. [*Id.* at ¶¶ 3-4.]

**RESPONSE: Denied as stated. Atakhanova's regular rate of pay was $10.00 per hour in 2014 and 2015 but was increased to $11.00 per hour in 2016 and 2017, and to $13.00 per hour in 2018 [Kiselev Decl. ¶¶ 7, 10.]**

3

14. For hours worked beyond forty (40), Named Plaintiff was paid only $12.00 per hour, and did not receive the lawful overtime rate of one and one-half times her regular hourly rate. [*Id*. at ¶¶ 4-5.]

**RESPONSE: Denied as stated. Atakhanova was indeed paid an incorrect overtime rate of $12 per hour between July 22, 2016, and September 2, 2016, but was paid correct rates through the rest of her tenure. [Kiselev Decl. ¶ 12.]**

15. For example, during the week of August 27, 2016, to September 2, 2016, Atakhanova worked 51.75 hours and was paid $10 per hour for the first 40 hours. However, for the 11.75 hours of overtime, she was paid at a rate of only $12 per hour, instead of the correct lawful rate of $15 per hour. [See Lusher Decl., Ex. G, Atakhanova Paystubs.]

**RESPONSE: Admitted**

16. Throughout her employment with Defendants, Atakhanova was denied the lawful overtime rate of one-and-one half times her regular rate of pay for each hour she worked over forty hours in a week. [*Id.*]

**RESPONSE: Denied as stated. Named Plaintiff Atakhanova was indeed paid an incorrect overtime rate of $12 per hour between July 22, 2016, and September 2, 2016, but was paid correctly through the rest of her tenure. [Kiselev Decl. ¶ 12.]**

17. Atakhanova did not receive a correct and accurate wage notice upon hiring. [See Lusher Decl. Ex. H, Atakhanova wage notices.]

**RESPONSE: Denied. Atakhanova's wage notice was correct and accurate. [Kiselev Decl. ¶ 13.]**

**Plaintiffs' Compensation**

18. Like Named Plaintiff Atakhanova, the class members did not receive one-and-one

half times their regular rate of pay for each hour they worked over forty hours in a week. [Ex. J, Sampling of paystubs reflecting wrong overtime compensation; *see also* ECF Dkt. Nos. 74 (Declaration of Galina Borshman), 74-4 (Declaration of Eugenia Barahona), 74-5 (Declaration of Fatima Kamilova), 74-6 (Declaration of Sanat Kamarov).

**RESPONSE: Denied as stated. [Kiselev Decl. ¶¶ 14, 17-19.]**

19. Defendants admit that "from January 2015 and through December 2016, Defendant did not pay hourly home health aides at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each and every workweek." [Lusher Decl., Ex. C, Request No. 7].

**RESPONSE: Admitted.**

20. Defendants also admit that, from January 2015 and through October 2017, Defendants paid a daily shift rate to home health aides that performed 24-hour live-in work shifts. [*Id.* at Request Nos. 8, 14.]

**RESPONSE: Admitted. Live-in HHAs were directed to report to HFC any lack of sleep- or mealtimes yet no reports of sleep of mealtime depravation were received. [Kiselev Decl. ¶¶ 15-19.]**

21. Defendants admit that "from January 2015 and through December 2016, Defendant did not pay home health aides who worked four or more 24-hours live-in work shifts in one work week at the rate of one and one-half times their regular rate of pay." [*Id*. at Request No. 9.]

**RESPONSE: Admitted**

22. Plaintiffs' paystubs show that they were not paid overtime when they worked four or more 24-hour live-in shifts per week. [Lusher Decl. Ex. J, Sampling of Class Member Paystubs

5

reflecting 24-Hour Shifts.]

**RESPONSE: Denied as stated. Plaintiffs were paid the correct overtime rate once the software glitch has been fixed on January 13, 2017 [Kiselev Decl. ¶¶ 15-19.]**

23. Plaintiffs' paystubs show that they were not paid at the correct overtime rate when they worked more than forty hours in a week. [Lusher Decl. Ex. I, Sampling of Class Member Paystubs with Wrong Overtime Rate.]

**RESPONSE: Denied as stated, Plaintiffs were paid the correct overtime rate once the software glitch has been fixed on January 13, 2017 [Kiselev Decl. ¶¶ 12, 14, 17-19.]**

24. At his deposition, Defendant Kiselev was unable to identify a single paystub where the overtime paid to Plaintiffs was one and one-half times the regular payrate. [Lusher Decl., Ex. B, Kiselev Depo. at 64:4-7.]

**RESPONSE: Admitted as stated. Kiselev was presented paystubs dated 2015 to 2016, before the software glitch corrected. [Kiselev Decl. ¶ 8.]**

25. Defendants admit "that from January 1, 2015, home health aids in Defendant's employ were not exempt from the overtime requirements of the Fair Labor Standards Act." [*Id.* at Request No. 17.]

**RESPONSE: Admitted**

26. Defendants admit that Plaintiffs "were not exempt from the overtime requirements of the New York Labor Law." [*Id*. at Request No. 18.]

**RESPONSE: Admitted**

27. Like Named Plaintiff, Plaintiffs did not receive accurate wage notices upon hiring. [See Kiselev Dep. At 19:9-23.]

**RESPONSE: Denied. Plaintiffs did receive accurate wage notices. [Kiselev Decl. ¶**

**13.]**

**Defendants are Employers of Plaintiffs**

28. Defendants HFC and Kiselev employed Plaintiffs. [*See generally*, Lusher Decl. Ex. B and Ex. C, Request Nos. 19 and 20; Kislev Dep.; Ex. E.]

   **RESPONSE: Admitted**

29. Defendants issued paychecks to Plaintiffs for work that they performed for Defendants. [Lusher Decl. Ex. C, Kislev Dep., at 14:19-15:10; Ex. I, Sampling of paystubs reflecting wrong overtime compensation; Ex. J, Sampling of paystubs reflecting 24-hour shifts.]

   **RESPONSE: Admitted**

30. Alexander Kiselev is a named Defendant in this action and appeared as the FRCP Rule 30(b)(6) deponent on behalf HFC. [*See generally*, Lusher Decl. Ex. B, Kislev Dep.; Ex. E.]

   **RESPONSE: Admitted**

31. Kiselev has, and continues to have, the authority to hire, fire, supervise, and set the terms and conditions of Plaintiffs' employment with HFC. [Lusher Decl. Ex. B, Kislev Dep., at 12:18-21; 13:2-9]

   **RESPONSE: Admitted**

32. Kiselev approved the rate of pay earned by Plaintiffs. [Lusher Decl. Ex. B, Kislev Dep., at 25:4-8.]

   **RESPONSE: Admitted**

                                                              Respectfully submitted,

                                                              __s/ Vladimir Tsirkin_____
                                                              Vladimir Tsirkin
                                                              Vladimir Tsirkin & Associates
                                                              *Attorneys for Defendants*
                                                               800 SE 4th Ave, Ste 620

Tel.: 305-831-4333  
Fax: 732-525-2202  
Email: vt@99crash.com