


February 19, 2025

**VIA ECF**
Honorable Taryn A. Merkl, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Atakhanova et al. v. Home Family Care, Inc.,* 16-cv-6707 (KAM)(RML)

Dear Judge Merkl:

This office represents the named Defendants, Home Family Care Inc. and Alex Kiselev ("Defendants") in the above-referenced matter brought by Plaintiff, Nazokat Atakhanova ("Plaintiff") arising under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Pursuant to the Court's Order dated February 5, 2025, the parties submit this letter to address the Court's directives.

1. **Due Diligence Taken to Advance the Related State Court Action (*Turgunbaev et al. v. Home Family Care, Inc.*, Index No. 515325/2025)**

The parties have undertaken diligent efforts to move the related state court action forward following the filing of the November 4, 2024, application for preliminary approval of the *Turgunbaev* settlement and proposed Second Amended Complaint ("SAC"). Specifically:

- The parties filed their request for preliminary approval of the settlement as an Order to Show Cause (OSC) application, hoping to secure expedited relief from the state court.
- Plaintiffs' counsel contacted the state court to inquire about the status of the filed documents and the anticipated timeline for review and decision on February 14, 2025.
- Counsel was informed that their OSC was inadvertently overlooked by the state court due to the time period when it was filed.[1]
- The state court immediately signed the OSC and scheduled a hearing to address the application for February 19, 2025.

This morning, counsel for the parties appeared before the state court, which granted preliminary approval of the settlement, and granted Plaintiffs' request to file the SAC.[2] The state court further scheduled a fairness hearing to be held on July 16, 2025, where the state court will proceed with a final review of the settlement.

---

[1] During that time, the Honorable Lawrence Knipel, J.S.C. was transitioning from his position as the chief administrative judge in Kings County, New York, which may have been a contributing factor.
[2] The Order granting preliminary approval is attached hereto as exhibit A.




**2. *Cheeks* Analysis of the FLSA Overtime Claims**

Now that the state court has granted Plaintiffs permission to file the SAC, and granted preliminary approval of the settlement, the parties respectfully submit that a *Cheeks* analysis by this Court is not necessary. Plaintiffs have filed the SAC, which incorporates Plaintiffs' FLSA overtime claims into the state court case, and the settlement of those claims will be reviewed by the state court. [See *Turgunbaev*, Index No. 515325/2025 (Doc. No. 174 on NYSCEF).] Additionally, the FLSA overtime claims that were asserted by Plaintiffs in this federal action are subsumed in Plaintiffs' NYLL overtime claims in the state action, which date back to December 2009.

The state court has already given preliminary review of the proposed class action settlement and determined that notice thereof should be published to class members. Similar to the analysis performed by federal courts, the state court examined the fairness of the settlement, its adequacy, reasonableness and whether it is in the best interests of the class. See *Klein v Robert's Am. Gourmet Food, Inc.*, 28 AD3d 63, 70 (2d Dept 2006). Upon final review at the fairness hearing, the state court will revisit its determination that the settlement is fair, reasonable and adequate, and will conduct a final analysis, weighing such factors as the likelihood of success and the nature of the issues of fact and law, the extent of support from the parties in favor of the settlement, the judgment of counsel, and the presence of bargaining in good faith. *Matter of Colt Indus. Shareholder Litig.*, 155 AD2d 154, 160 (1st Dept 1990). The state court will also "balance the value of [a proposed] settlement against the present value of the anticipated recovery following a trial on the merits, discounted for the inherent risks of litigation," *Klein*, 28 A.D.3d at 73, and will make a ruling on Clas Counsel's application for fees and costs. Accordingly, the parties anticipate that the state court's final review will sufficiently address the concerns underpinning a *Cheeks* analysis.[3]

Nevertheless, should this Court have any remaining doubts on whether the proposed settlement of Plaintiffs' FLSA overtime claims satisfies *Cheeks*, the parties respectfully submit that it does.[4]

**(A) Range of Possible Recovery**

Through hard-fought, good-faith negotiations, the parties reached a settlement that provides for a fund of up to Twenty-Two Million Dollars ($22,000,000.00) to resolve Plaintiffs' claims for

---

[3] A *Cheeks* review examines: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic, Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012).

[4] The only FLSA claim alleged by Plaintiffs is their claim for unpaid overtime, thus, it is the only claim that would be subject to a *Cheeks* review.




unpaid wages and benefits alleged in this action and in the state action. Plaintiffs' claims for unpaid overtime compensation under the FLSA will be paid from this fund based on Plaintiffs' reported hours worked during the settlement period, i.e., December 17, 2009 through November 1, 2024. Utilizing a formula based on reported hours worked has been approved in other wage and hour settlements as a fair and reasonable means of obtaining recovery for unpaid overtime. *Hernandez v. KBR Services, LLC*, Case No. 3:22-cv-530 (E.D.V.A. Oct. 10, 2024) (Hudson, J.); *Reed v. Saputo Dairy Foods, Inc*., Case No. 3:20-cv-1531 (N.D.N.Y. July 27, 2022) (Kahn, J.); *Tadeo v. Abitino Foods, Inc*., Case No. 1:16-cv-2432 (S.D.N.Y. Feb. 11, 2019) (Engelmayer, J.).

Additionally, the settlement recognizes that Defendants already made payments for unpaid overtime to approximately 1,346 Class members pursuant to an audit performed by the New York State Department of Labor ("DOL") for the period of June 29, 2013, through December 23, 2016. Accordingly, the parties believe that Plaintiffs who participate in the settlement will receive a fair and reasonable recovery of any overtime amounts that they are owed under the FLSA.

**(B) The Agreement Enables the Parties to Avoid Anticipated Burdens and Expenses of Litigation**

The proposed settlement enables the parties to avoid the anticipated risks, burdens and expense of further litigation. Discovery of this action has concluded. Next steps would include dispositive motion practice and preparing for trial, which would further delay resolution of Plaintiffs' claims and result in the expenditure of additional costs and fees. Plaintiffs also would have the burden of proving their damages owed and convincing this Court to grant relief on a class-wide basis.

**(C) The Risks of Litigation**

Both sides faced risks by continuing with litigation. Plaintiffs faced the risk of losing summary judgment and proceeding to trial where they may not have succeeded and obtained no recovery. Moreover, by settling now rather than proceeding with litigation, Plaintiffs also avoid the risk of any financial or economic hardship faced by Defendants, leading to the Plaintiffs' inability to collect even if they prevailed. This was a real risk that was raised by Defendants during mediation, and which was recognized by Plaintiffs.

As for Defendants' risks, a majority of the alleged wage violations appeared on the face of Defendants' own records and are supported by Plaintiffs' testimony. Additionally, Defendants faced the risk of a jury awarding 100% of damages to the entire class, plus interest, as well as all attorneys' fees and costs that they would have owed pursuant to the FLSA (and NYLL's) fee shifting provisions.

**(D) The Agreement is the Product of Arm's-Length Negotiations**

Both sides were represented by experienced counsel and settled the claims after completing discovery and depositions, and after attending three private mediation sessions and engaging in




numerous settlement conferences. This was a true arm's length negotiation that led to a fair and reasonable settlement. "[C]onsidering the Settlement Agreement resulted from 'arm's length bargaining between experienced counsel,' there is 'no evidence to suggest fraud or collusion.'" *Huggins v. Chestnut Holdings Inc*., 2022 U.S. Dist. LEXIS 3156, at *5 (S.D.N.Y. Jan. 5, 2022) (quoting *Strauss v. Little Fish Corp.,* 2020 U.S. Dist. LEXIS 126393 (S.D.N.Y. July 17, 2020).

**(E) The Is No Fraud or Collusion**

This action has been contentiously litigated for years. Throughout the course of this litigation, the parties engaged in extensive discovery on Plaintiffs' claims and Defendant's defenses, including interviews with class members; a review of Defendant's policies and practices with respect to time keeping, record retention and compensation to class members; analyzation of class member employment records including payroll, time, and benefits-related data; filing and/or opposing multiple motions, attending multiple court conferences; and engaging in numerous settlement conferences and negotiations with Defense Counsel. Class Counsel also engaged in ongoing communications with the Named Plaintiff and Class Members throughout the litigation, keeping them apprised of the action's status and assessing the strengths and weaknesses of their claims as litigation progressed. As a result of the parties' extensive arms-length settlement negotiations, a class settlement of $22,000,000.00 was reached offering substantial recovery for Class Members that the parties believe is fair, reasonable and in the best interests of the Class.

None of the other concerns raised by the Second Circuit in *Cheeks* are present in this settlement. Specifically, the Settlement Agreement: (1) has been publicly filed with the state court and does not contain a confidentiality provision; (2) contains only a specific release relative to wage and benefit claims under federal and state law, and (3) provides for Class Counsel to apply for attorneys' fees and costs of no more than 23.8% of the settlement fund. *Cheeks*, 796 F.3d at 206.

This settlement is also in line with settlements in similar matters that have been approved by other courts as fair, reasonable and adequate. *See Cedeno v. Amazing Home Care Serv., LLC*, Index No. 42061/2019E (Sup. Ct. Bronx Cty. Nov. 22, 2022) (Douglas, J.) (.) (in HHA action, court granted final approval of claims-made settlement for unpaid wages and benefits)*; Severin, et al. v. Platinum Home Health Care, Inc.*, Index No. 153301/2017 (Sup. Ct. N.Y. Cty. Aug. 19, 2021) (Lubell, J) (same); *Kerimbekova, et al. v. Welcome Care, Inc.*, Index No. 159213/2017 (Sup. Ct. N.Y. Cty. Dec. 23, 2021) (Tisch, J.) (same).

Given the above, the parties respectfully submit a stipulation seeking dismissal of this federal action. The state court has accepted jurisdiction over the federal FLSA overtime claims and will conduct a settlement review consistent with *Cheeks*, permitting the instant federal case to be dismissed without a separate *Cheeks* review, without prejudice to reopen and without prejudice to the existing claims. We thank the Court for its patience and attention to this matter. We remain available for any further clarification or direction the Court may require.




Respectfully Submitted,
/s/ Irene Sinayskaya
Irene Sinayskaya, Esq.
Sinayskaya Yuniver P.C.
710 Avenue U
Brooklyn, New York 11223
T: 718-402-2240
F: 718-305-4571
E: Irene@sypcl.com
*Counsel for Defendants*

CC: LaDonna Lusher, Esq. (via ECF)
Lloyd Ambinder, Esq. (via ECF)